# IN THE SUPREME COURT OF IOWA

No. 18–0594

Filed April 12, 2019

**STATE OF IOWA,**

Appellee,

vs.

**EVAN PAUL HEADLEY,**

Appellant.

---

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

A defendant appeals his sentence on various grounds. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Timothy M. Hau, Assistant Attorney General, John Sarcone, County Attorney, Jaki Livingston and Kevin Hathaway, Assistant County Attorneys, for appellee.

**WIGGINS, Justice.**

A defendant appeals his sentence for domestic abuse assault and second-degree burglary. He argues the sentencing court violated his due process rights and abused its discretion by considering the risk assessment tools contained in the presentence investigation report (PSI). He also argues the court abused its discretion by considering the investigator's recommendation in the PSI. If these claims were not preserved, he claims ineffective assistance of counsel in the alternative.

The defendant also challenges the restitution imposed by the district court. He claims the court imposed an illegal sentence by ordering him to pay the court costs associated with the dismissed charges. He further claims the court erred by failing to determine his reasonable ability to pay prior to determining the amount of restitution owed.

On appeal, we find the district court did not abuse its discretion in considering the risk assessment tools on their face as contained within the PSI. We further find the defendant failed to preserve error on his due process and abuse-of-discretion claims regarding the court's consideration of the risk assessment tools contained in the PSI. We also find the record is insufficient to reach these due process and abuse-of-discretion claims on direct appeal.

In regard to his claim that the district court abused its discretion when it considered the department of correctional services' sentencing recommendation, we find it did not. We also find the court did not enter an illegal sentence by requiring the defendant to pay the court costs associated with dismissed charges. However, we find the district court erroneously ordered restitution without first conducting the applicable reasonable-ability-to-pay analysis. Therefore, we vacate the restitution portion of the defendant's sentence and remand for resentencing in light

of this opinion and our opinion in *State v. Albright*, ___ N.W.2d ___ (Iowa 2019).

## I. Factual and Procedural Background.

On July 28, 2017, Des Moines police officers responded to a domestic fight at the home of S.M. When officers arrived in the neighborhood, S.M. was several houses north of her address and waived the officers down. S.M. told officers her ex-boyfriend, Evan Headley, had shown up to her house uninvited and forced his way into her home. S.M. said she and Headley began arguing and Headley forced S.M. into her bedroom, onto her bed, and held her down with his body weight. Headley left swelling on S.M.'s shoulders before S.M. was able to escape Headley's grasp.

When officers entered S.M.'s home, they made contact with Headley as he was attempting to jump out of a window of the residence. Officers took Headley into custody and transported him to the Polk County Jail. At the time of this incident, Headley was on supervised probation for domestic abuse assault, and a nonexpiring protection order was in place between S.M. and Headley, with S.M. being the protected party.[1]

On September 11, the State charged Headley with burglary in the second degree, assault with intent to commit a sexual abuse, domestic abuse assault enhanced, and stalking in violation of a protective order. On December 26, pursuant to a plea deal, Headley pled guilty to burglary in the second degree in violation of Iowa Code sections 713.1 and 713.5 (2018), and domestic abuse assault, enhanced second offense, in violation of sections 708.1(2)(*a*) and 708.2A(3)(*b*).

---

[1]S.M. has two protective orders against Headley. The court filed one order on December 12, 2016, with an expiration date of February 7, 2022. The court filed a second, the nonexpiring order, on July 29, 2017.

On January 25, 2018, the department of correctional services filed a PSI. The PSI included evaluations of Headley using both the Iowa Risk Revised (IRR) and the Dynamic Risk Assessment for Offender Re-Entry (DRAOR) risk assessment tools. Headley's IRR score was "in the high category for future violence and the high category for future victimization." His DRAOR score "placed him in the moderate/high category to recidivate," or in other words, indicated he would fail on community-based supervision. Based on the personal interview with Headley, the Iowa Mental Health Screen, the IRR, the DRAOR, and Headley's criminal history, education, employment, and family history, the presentence investigator recommended incarceration.

On March 13, at the sentencing hearing, the district court judge asked Headley's counsel about the PSI, questioning, "Have you and your client been able to review this, Mr. Webber?" Headley's defense counsel replied, "We have, Your Honor." The court then asked, "Any additions, corrections, deletions, or modifications on behalf of the defendant?" Defense counsel replied, "No, Your Honor."

Headley's counsel asked the court to place Headley at the Fort Des Moines Residential Facility based on Headley's substance abuse, mental health issues, and his eligibility according to the PSI and a substance abuse evaluation. The State recommended incarceration.

The district court sentenced Headley to prison for a total term not to exceed eighteen years for the burglary, domestic abuse assault, and four probation violations. The district court judge also ordered Headley to make restitution, saying, "I'm not aware of the amount. If it's brought to my attention as to a specific amount, an order will be entered and you will have an opportunity to contest it." The court memorialized this in its sentencing order.

On March 26, Headley appealed his sentence alleging ineffective assistance of counsel.

On June 8, the Polk County Sheriff's Department filed an application for reimbursement for $13,695. The reimbursement covered Headley's room and board for 238 days of incarceration. On June 12, the court approved the sheriff's application for reimbursement and assessed a total of $14,228.80 to Headley for court costs and correctional fees.

## II. Issues Raised on Appeal.

Headley raises five issues on appeal. First, whether the district court abused its discretion by considering the risk assessment tools in the PSI at sentencing. Second, whether the district court violated Headley's due process rights by considering the risk assessment tools in the PSI when it determined Headley's sentence. Third, whether the district court abused its discretion by considering an improper sentencing factor when it considered the department of correctional services' sentencing recommendation. Fourth, whether the district court imposed an illegal sentence by ordering Headley to pay court costs associated with the dismissed charges. Fifth, whether the district court erred in ordering Headley to reimburse the State for court costs and correctional fees without first considering Headley's reasonable ability to pay.

## III. Whether the District Court Abused Its Discretion by Considering the Risk Assessment Tools in the PSI at Sentencing.

We apply an abuse of discretion standard when the sentence challenged was within the statutory limits. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). We will find an abuse of discretion when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Thompson*, 856 N.W.2d 915,

918 (Iowa 2014). A ground or reason is clearly untenable when based on an erroneous application of the law. *In re J.A.L.*, 694 N.W.2d 748, 751 (Iowa 2005).

The crux of Headley's argument is that because the legislature has not authorized the court to use risk assessment tools in sentencing, the district court abused its discretion by considering these tools when it sentenced Headley. If we can determine whether a court abused its discretion by using an improper factor without further evidence, a defendant need not object to the use of an improper sentencing factor at the time of sentencing. *State v. Gordon*, 921 N.W.2d. 19, 23–24 (Iowa 2018). However, if we need further evidence to determine if the sentencing factor is improper, the defendant must object to the factor and ask to make the appropriate record before sentencing. *Id.* If the defendant fails to do so, we can only examine the claim under the rubric of ineffective assistance of counsel. *Id.* at 24. Because there is no record before us on the risk assessment tools themselves, we will only consider whether the legislature authorizes a court to use risk assessment tools at sentencing without examining the validity of the risk assessment tools.

"In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Sentencing courts in Iowa generally have broad discretion to rely on information presented to them at sentencing. *See State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983) ("[W]hatever Iowa statutes leave to the courts in matters of sentencing should be the responsibility of the sentencing judge."); *State v. Gartin*, 271 N.W.2d 902, 910 (Iowa 1978) ("[T]he decisions of the trial court are cloaked with 'a

strong presumption in [their] favor,' and '[u]ntil the contrary appears, the presumption is that the discretion of the [trial] court was rightfully exercised.' " (alterations in original) (quoting Kermit L. Dunahoo, *The Scope of Judicial Discretion in the Iowa Criminal Trial Process*, 58 Iowa L. Rev. 1023, 1024 (1973))); *State v. Delano*, 161 N.W.2d 66, 71 (Iowa 1968) (holding the sentencing court may rely on any information to which the defendant did not object).  A court "should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities[,] and chances of his reform."  *State v. Cupples*, 260 Iowa 1192, 1197, 152 N.W.2d 277, 280 (1967).

Iowa Code section 901.5 describes the sentencing provisions for Iowa judges:

> After receiving and examining all pertinent information, including the presentence investigation report and victim impact statements, if any, the court shall consider the following sentencing options.  The court shall determine which of them is authorized by law for the offense, and of the authorized sentences, which of them or which combination of them, in the discretion of the court, will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others.

Iowa Code § 901.5.  The word "including" indicates that a PSI contains, or is itself, "pertinent information."  *See State v. Brown*, 518 N.W.2d 351, 352 (Iowa 1994) ("The purpose of the presentence investigation 'is to provide the court pertinent information for purposes of sentencing and to include suggestions for correctional planning for use by correctional authorities subsequent to sentencing.' " (quoting Iowa Code § 901.2 (current with 2018 Code))).

Iowa Code section 901.3 clarifies what is to be included in a PSI. The statute states the investigator must inquire into

>    *a.* The defendant's characteristics, family and financial circumstances, needs, and potentialities.

>    *b.* The defendant's criminal record and social history.

>    *c.* The circumstances of the offense.

>    *d.* The time the defendant has been in detention.

>    *e.* The harm to the victim, the victim's immediate family, and the community. . . .

>    *f.* The defendant's potential as a candidate for the community service sentence program established pursuant to section 907.13.

>    *g.* Any mitigating circumstances relating to the offense and the defendant's potential as a candidate for deferred judgement, deferred sentencing, a suspended sentence, or probation, if the defendant is charged with or convicted of assisting suicide . . . .

>    *h.* Whether the defendant has a history of mental health or substance abuse problems. If so, the investigator shall inquire into the treatment options available in both the community of the defendant and the correctional system.

Iowa Code § 901.3(1).

While the statute does not specifically address risk assessment tools, such as the IRR and DRAOR, these risk assessment tools contain pertinent information. The dictionary defines "pertinent" as having "some connection or relation with . . . a matter under discussion." *Pertinent, Webster's Third New International Dictionary* (unabr. ed. 2002). The dictionary defines "information" as "knowledge communicated by others or obtained though investigation, study, or instruction." *Information, Webster's Third New International Dictionary*. On their face, the tools appear to predict future conduct, recidivism, and the success of the

defendant in a community-based correctional setting. These tools are "pertinent information" to sentencing under section 901.5.

When sentencing courts consider the risk a defendant poses to the community, the court furthers the legislative intent of providing "for the protection of the community from further offenses by the defendant." Iowa Code § 901.5. Risk assessment tools also further the penological goal of rehabilitation by providing sentencing courts with more complete information about a defendant's mental state, lifestyle, and potential situations facing the defendant depending on the sentence imposed. On their face, the tools provide pertinent information that a sentencing judge may consider. Therefore, we find the district court did not abuse its discretion in considering the risk assessment tools on their face as contained within the PSI.

Headley also argues the district court abused its discretion because even if risk assessment tools are permissible at sentencing, the district court did not know of the cautions and limitations associated with the tools. There are two problems with this argument. First, a court needs further evidence to determine the cautions and limitations of the tools. Second, we held in *State v. Guise*, this argument "is in essence a due process argument." 921 N.W.2d 26, 29 (Iowa 2018). Headley failed to object to the tools on these grounds. Accordingly, we cannot reach the merits of this argument on direct appeal. *Id.* Therefore, Headley may raise this issue in a postconviction-relief action if he so desires.

**IV. Whether the District Court Violated Headley's Due Process Rights by Considering the Risk Assessment Tools in the PSI When It Determined Headley's Sentence.**

Headley contends the district court violated his due process rights by using the IRR and DRAOR at sentencing. Headley did not raise this

issue at the time of sentencing. In *Gordon*, we held a defendant could not raise this due process argument for the first time on appeal when the defendant did not bring the issue to the attention of the district court at the time of sentencing. 921 N.W.2d at 23–24. We further held we could not address the due process issue under the rubric of ineffective assistance of counsel on direct appeal because the record was insufficient to reach this claim. *Id.* at 24. Therefore, we will not reach the merits of this argument on direct appeal. Headley may raise this issue in a postconviction-relief action if he so desires.

**V. Whether the District Court Abused Its Discretion by Considering an Improper Sentencing Factor When It Considered the Department of Correctional Services' Sentencing Recommendation.**

Headley contends the district court considered an improper sentencing factor by considering the sentencing recommendation contained in the PSI. Although Headley did not object to the court's use of the sentencing recommendation at the time of sentencing, he was not required to do so for us to consider it as an improper sentencing factor on direct appeal. *See id.* at 23–24 (holding if we can determine whether a court abused its discretion by using an improper factor without further evidence, a defendant need not object to the use of an improper sentencing factor at the time of sentencing).

Section 901.5 contains numerous sentencing options from incarceration to deferred judgment. When the department of correctional services recommends a deferred judgment, deferred sentence, or a suspended sentence, each of which is accompanied by probation, the department is telling the court the defendant can be rehabilitated in the community without incarceration, is a low risk for recidivism, and is not a danger to the community. When the department of correctional services

recommends incarceration, the department is telling the court that the defendant cannot be rehabilitated in the community, is a high risk for recidivism, or is a danger to the community. This information is "pertinent information" for a court to consider when sentencing a defendant under section 901.5.

Moreover, we have previously held any sentencing recommendations contained in the PSI are not binding on the court. *State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977). Therefore, the court did not abuse its discretion when it considered the department of correctional services' sentencing recommendation. *See State v. Nelson*, 279 N.W.2d 1, 3–4 (Iowa 1979) (holding trial judge properly exercised discretion by selecting sentence after weighing the options available, considering the statutory provisions, and considering the PSI, despite PSI recommending "some kind of punishment" rather than probation).

**VI. Whether the District Court Imposed an Illegal Sentence by Ordering Headley to Pay Court Costs Associated with the Dismissed Charges.**

In *State v. McMurry*, \_\_\_\_ N.W.2d \_\_\_\_ (Iowa 2019), we decided this very issue. There we held requiring a defendant to pay the court costs associated with dismissed charges did not constitute an illegal sentence as long as the costs would have been incurred in prosecuting the charges that were not dismissed. *Id.* at \_\_\_\_. Here the State would have incurred the costs assessed against Headley even if it only brought the charges against Headley for which he pled guilty. Therefore, requiring Headley to pay the court costs associated with dismissed charges did not constitute an illegal sentence.

**VII. Whether the District Court Erred in Ordering Headley to Reimburse the State for Court Costs and Correctional Fees Without First Considering Headley's Reasonable Ability to Pay.**

Headley argues the district court erred in ordering him to pay restitution in the form of court costs and correctional fees without first determining his reasonable ability to pay those items.

In *Albright*, ___ N.W.2d at ___, we clarified that certain items of restitution are subject to a reasonable-ability-to-pay determination. *See also* Iowa Code § 910.2(1). We also clarified that a plan of restitution is not complete until the sentencing court issues the final restitution order. *Albright*, ___ N.W.2d at ___. Finally, we emphasized that a final restitution order must take into account the offender's reasonable ability to pay certain items of restitution. *Id.*

Here, the court failed to follow our statutory procedures as outlined in *Albright*. Accordingly, we must vacate that part of the sentencing order regarding restitution and remand the case back to the district court to impose restitution consistent with our decision in *Albright*.

**VIII. Disposition.**

We find the district court did not abuse its discretion in considering the risk assessment tools on their face as contained within the PSI. We further find Headley failed to preserve error on his due process and abuse-of-discretion claims regarding the court's consideration of the risk assessment tools contained in the PSI. We also find the record is insufficient to reach these due process and abuse-of-discretion claims on direct appeal. In regard to his claim that the district court abused its discretion when it considered the department of correctional services' sentencing recommendation, we find it did not. We find the court did not enter an illegal sentence by requiring Headley to pay the court costs

associated with the dismissed charges. Finally, we find the district court erroneously ordered restitution without first conducting the applicable reasonable-ability-to-pay analysis. Therefore, we vacate the restitution portion of the defendant's sentence and remand for resentencing in light of this opinion and our opinion in *Albright,* ___ N.W.2d ___.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**