# IN THE COURT OF APPEALS OF IOWA

No. 18-0593
Filed October 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TERA M. HARRIS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.


        Defendant appeals sentence after pleading guilty to forgery. **CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED FOR RESENTENCING.**


        Mark C. Smith, State Appellate Defender, (until withdrawal) and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


        Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

Tera Harris pled guilty to forgery, a class "D" felony, in violation of Iowa Code sections 715A.2(1)(c) and 715A.2(2)(a)(3) (2017).[1]  In exchange, the State agreed it would only recommend prison if the presentence investigation report (PSI) recommended prison.

Ultimately, the PSI recommended prison.  The State did too.  The district court sentenced Harris to an indeterminate term not to exceed five years.  In stating its reasons for the sentence, the district court mentioned "the recommendations of the PSI," among several others.

Also at sentencing, the district court found Harris did not have a reasonable ability to pay attorney fees.  In the sentencing order, however, the district court ordered Harris to pay court costs.  Harris now appeals.

Harris first argues the Iowa Department of Correctional Services had no statutory authority to include a sentencing recommendation in the PSI.  Therefore, Harris argues, it was improper for the district court to rely on the PSI's sentencing recommendation.[2]

---

[1] We recognize Iowa Code section 814.6 was recently amended to prohibit most appeals from guilty pleas.  *See* 2019 Iowa Acts ch. 140, § 28.  In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019."  ___ N.W.2d ___, ___, 2019 WL 4382985, at *7 (Iowa 2019).  We are bound by our supreme court's holding.  We conclude, therefore, the amendments "do not apply" to this case, which was pending on July 1, 2019.  *See id.*

[2] We note Harris did not object to the PSI at the time of sentencing.  Even so, under *State v. Headley*, we can consider whether the PSI's sentencing recommendation was an improper sentencing factor.  *See* 926 N.W.2d 545, 552 (Iowa 2019) ("Although [the defendant] did not object to the court's use of the sentencing recommendation at the time of sentencing, [the defendant] was not required to do so for us to consider it as an improper sentencing factor on direct appeal."); *accord State v. Gordon*, 921 N.W.2d 19, 23–24 (Iowa 2018).

We disagree. In *Headley*, our supreme court held the district court "did not abuse its discretion when it considered the department of correctional services' sentencing recommendation." 926 N.W.2d at 552. We cannot adopt Harris's contrary view.

Harris also claims the district court improperly ordered her to pay court costs. We agree. Under Iowa Code section 910.2(1)(a)(3), the district court may only order restitution for court costs after finding the defendant has a reasonable ability to pay. *See State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019). Although the district court made an ability-to-pay determination regarding attorney fees, it made none concerning court costs. *See* Iowa Code § 910.2(1)(a)(4). So we vacate the restitution portion of the sentencing order and remand to the district court to order restitution consistent with *Albright*. *See* 925 N.W.2d at 158–62.

**CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED FOR RESENTENCING.**