# IN THE COURT OF APPEALS OF IOWA

No. 18-1876
Filed October 9, 2019

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**JUSTO GONZALEZ,**
          Defendant-Appellant.

_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

A defendant appeals his sentence following his guilty plea to lascivious acts with a child. **CONVICTION AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and May, JJ.

**TABOR, Presiding Judge.**

Justo Gonzalez pleaded guilty to lascivious acts with a child and received a suspended five-year sentence with supervised probation. On appeal, he raises two claims: (1) the district court abused its discretion by considering the sentencing recommendation in the presentence investigation (PSI) report and (2) the court erred in failing to determine his reasonable ability to pay court costs and reimbursement for legal fees.[1]

Two recent rulings from our supreme court clinch Gonzalez's claims—the first to his detriment and the second in his favor.[2]

In his first claim, Gonzalez contends the court improperly considered the detailed sentencing recommendations of the PSI preparer, who suggested many conditions of probation adopted in the sentencing order. Gonzalez cannot prevail on this claim after *Headley*, 926 N.W.2d at 552. That decision held the recommendation of the department of correctional services is "pertinent information" for a court to consider when sentencing a defendant under Iowa Code section 901.5 (2018). *Id.*

In his second claim, Gonzalez argues the district court erred in ordering him to pay court costs—"including correctional fees, as certified by the sheriff, and court-appointed attorney fees, as certified by counsel"—without first determining

---

[1] Before reaching the merits of Gonzalez's claims, we address his ability to appeal his sentence following a guilty plea. Our supreme court decided recent amendments to Iowa Code section 814.6 (Supp. 2019) (limiting direct appeals from guilty pleas) apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke*, ___ N.W.2d___, ___, 2019 WL 4382985, at *7 (Iowa 2019).

[2] We review his first claim for an abuse of discretion. *See State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019). We review his second claim for correction of errors at law. *See State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019).

his reasonable ability to pay. The court also made payment of those costs a condition of his probation.

Gonzalez's restitution claim is governed by *Albright*, 925 N.W.2d at 159. In that case, our supreme court emphasized a final restitution order must account for the offender's reasonable ability to pay certain items of restitution, including court costs and jail fees. *See id.* at 160. Here, the sentencing order does not comply with the statutory procedures outlined in *Albright*. We therefore vacate that part of the sentence and remand for the district court to impose restitution consistent with the *Albright* directives.

**CONVICTION AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED.**