# IN THE COURT OF APPEALS OF IOWA

No. 18-0269
Filed October 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEREMY JAMES DAVOLT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Lee (South) County, John M. Wright (sentencing), and Mary Ann Brown (order for reimbursement), Judges.

        A defendant challenges the court's use of a presentence investigation report's sentencing recommendation and contests his reasonable ability to pay assessed costs. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

        Mark C. Smith, State Appellate Defender, (until withdrawal) and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Jeremy James Davolt appeals his sentences for involuntary manslaughter and leaving the scene of an accident. He challenges the court's use of the sentencing recommendation of the department of corrections in the presentence investigation (PSI) report and the order to reimburse correctional fees when Davolt does not have a reasonable ability to pay the fees.

## I. Background Facts & Proceedings

On January 10, 2018, Davolt pleaded guilty to involuntary manslaughter and leaving the scene of an accident. The plea agreement provided a third charge of homicide by vehicle would be dismissed, Davolt would be responsible for restitution, and the parties would be free to argue consecutive or concurrent sentences.

The PSI report submitted included a recommendation for consecutive sentences. Davolt requested concurrent sentences. The State recommended consecutive sentences. At sentencing on January 16, the court imposed two consecutive five-year terms of incarceration to be served consecutively to a sentence from a separate case. The court imposed a fine and applicable surcharges on each count and ordered $150,000 in restitution be paid to the estate of the deceased victim. The court then found Davolt did not have the reasonable ability to pay court costs or reimbursement for court-appointed attorney fees.

On January 17, the sheriff's office requested reimbursement for correctional fees under Iowa Code section 356.7(2) (2018). The court entered an order giving Davolt thirty days to file a written objection, stating if no objection was filed, Davolt

was ordered to pay $630 for correction fees. On January 29, a restitution plan was filed which included "costs."

Davolt appeals.[1]

## II. Standard of Review

"We apply an abuse of discretion standard when the sentence challenged [is] within the statutory limits." *State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019). "We review restitution orders for correction of errors at law." *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019).

## III. Analysis

Davolt claims the district court abused its discretion when it considered the sentencing recommendation in the PSI report. If error was not preserved, then he claims his trial counsel provided ineffective assistance by failing to object to the PSI recommendation.

The department of corrections' sentencing recommendation is "pertinent information" for a court to consider during sentencing; any recommendations are not binding on the court. *Headley*, 926 N.W.2d at 552. The court did not abuse its discretion when considering the sentencing recommendation in a PSI report. *See id.* "Trial counsel has no duty to raise an issue that has no merit." *State v. Graves*, 668 N.W.2d 860, 881 (Iowa 2003). Because the PSI sentencing recommendation is pertinent information for the court, an objection would have

---

[1] The Iowa legislature amended Iowa Code sections 814.6 and 814.7, effective July 1, 2019, limiting direct appeals from guilty pleas and eliminating direct-appeal ineffective-assistance-of-counsel claims. 2019 Iowa Acts ch. 140, §§ 28, 31 (to be codified at Iowa Code §§ 814.6-.7). The amendments "apply only prospectively and do not apply to cases pending on July 1, 2019," and therefore do not apply in this case. *State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *7 (Iowa 2019).

been without merit. Davolt's counsel was not ineffective for failing to object to the court's consideration of the PSI sentencing recommendation.

Davolt challenges the correctional fees the court ordered him to pay following an earlier determination he had no reasonable ability to pay court costs. The district court can only order restitution for "court costs including correctional fees approved pursuant to section 356.7" to the extent the offender is reasonably able to pay. Iowa Code § 910.2(1); *Albright*, 925 N.W.2d at 159. The court did not consider and made no finding regarding Davolt's reasonable ability to pay the correctional fee. "The imposition of court costs including correctional fees 'must await the filing of a final restitution plan and a determination of [the defendant]'s ability to pay.'" *State v. Garvin*, No. 18-1258, 2019 WL 2871423, at *2 (Iowa Ct. App. July 3, 2019) (citation omitted). Applying *Albright*, we vacate the court's imposition of correctional fees pending completion of a final restitution order and assessment of his reasonable ability to pay. We remand to the district court for receipt of a final restitution order and determination of Davolt's reasonable ability to pay as outlined in *Albright*.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**