# IN THE COURT OF APPEALS OF IOWA

No. 17-1945
Filed October 9, 2019

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JACOB LAWRENCE HANSEN,**
　　　　Defendant-Appellant.

_____

　　　　Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

　　　　Jacob Hansen appeals the sentences imposed on his convictions after pleading guilty to third-degree burglary and third-degree attempted burglary. **SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

　　　　Mark C. Smith, State Appellate Defender, (until withdrawal) and Martha J. Lucey, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

　　　　Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

The State filed criminal charges against Jacob Hansen stemming from two separate incidents in August 2017. After negotiating a plea agreement, Hansen entered *Alford* pleas[1] to one charge of third-degree burglary and one charge of third-degree attempted burglary. After accepting the pleas, the district court sentenced Hansen to indeterminate terms of incarceration for each offense and ordered Hansen to serve them consecutively. It also ordered Hansen to pay restitution for fees and costs. Hansen challenges his sentences on appeal.[2]

Hansen contends the district court violated his due process rights by considering his risk assessment score in the presentence investigation report (PSI). But Hansen never raised this objection at sentencing. He cannot raise this due process claim for the first time on appeal. *See State v. Headley*, 926 N.W.2d 545, 551-52 (Iowa 2019).

For the first time on appeal, Hanson also contends the district court abused its discretion by considering the risk assessment score and sentencing recommendation in the PSI.

> If we can determine whether a court abused its discretion by using an improper factor without further evidence, a defendant need not object to the use of an improper sentencing factor at the time of sentencing. However, if we need further evidence to determine if the sentencing factor is improper, the defendant must object to the factor and ask to make the appropriate record before sentencing. If the defendant fails to do so, we can only examine the claim under the rubric of ineffective assistance of counsel.

---

[1] An *Alford* plea is a variation of a guilty plea; a defendant, while maintaining innocence, acknowledges that the State has enough evidence to win a conviction, and consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2] Our supreme court decided recent amendments to Iowa Code section 814.6 (2019) limiting direct appeals from guilty pleas apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *7 (Iowa 2019).

*Id.* at 550 (internal citations omitted). Our supreme court recently determined that, because risk assessment tools and sentencing recommendations provide information pertinent to sentencing, considering these factors is not inherently improper. *See id.* at 551, 552. Because his counsel did not object to the use of these factors before sentencing, Hansen claims his counsel was ineffective.[3] There is insufficient evidence in the record to allow us to address this claim on direct appeal, so Hansen must raise the challenge in a postconviction-relief action. *See id.*; *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (stating that if the record is insufficient to allow for review of an ineffective-assistance claim on direct appeal, we allow the defendant to raise the claim in a separate postconviction-relief action).

Finally, Hansen contends the court erred in ordering him to reimburse the State for his attorney fees, correctional fees, and court costs without first determining his reasonable ability to pay the same.[4] Under Iowa Code section 910.2(1), the sentencing court must order an offender to pay these fees and costs as restitution "to the extent that the offender is reasonably able to pay." *See also Albright*, 925 N.W.2d at 159. The district court made no determination of Hansen's reasonable ability to pay before assessing these fees and costs. Because imposition of both "must await the filing of a final restitution plan and a

---

[3]Our supreme court decided recent amendments to Iowa Code section 814.7 prohibiting consideration of ineffective-assistance-of counsel claims on direct appeal apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See Macke*, ___ N.W.2d at ___, 2019 WL 4382985, at *7.

[4] The State argues this challenge is premature because the plan of restitution is not complete. We disagree. Although the supreme court has stated "[r]estitution orders entered by the court prior to the final order are not appealable as final orders," *State v. Albright*, 925 N.W.2d 144, 161 (Iowa 2019), both of Iowa's appellate courts have often vacated restitution-related orders absent a final restitution order. *See State v. Moore*, No. 18-1877, 2019 WL 4297255, at *5 n.3 (Iowa Ct. App. Sept. 11, 2019) (collecting cases).

determination of [Hansen]'s ability to pay," *State v. Smeltser*, No. 18-0098, 2019 WL 2144683, at *1 (Iowa Ct. App. May 15, 2019), we vacate the court's orders for restitution and remand the matter to the district court for receipt of a final restitution plan and a determination of Hansen's reasonable ability to pay.

**SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**