# IN THE COURT OF APPEALS OF IOWA

No. 18-0789
Filed November 27, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RANDY WAYNE CAMDEN,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Marion County, Bradley M. McCall, Judge.


        Randy Camden appeals following his guilty plea to four counts of lascivious acts with a child.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, (until withdrawal), and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.


        Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

Randy Camden pled guilty to four counts of lascivious acts with a child. *See* Iowa Code § 709.8(2)(a) (2011). The district court accepted Camden's plea, ordered the preparation of a presentence investigation (PSI) report, and set the case for sentencing. The preparer of the PSI report recommended that Camden receive the "maximum term of incarceration as deemed appropriate by the sentencing Judge." The recommendation was partially premised on two statistical risk assessment tools. With the exception of a small clarification on a date, Camden's attorney did not object to the contents of the PSI report or its use at sentencing.

The district court sentenced Camden to a total prison term not exceeding thirty years. The court provided the following reasoning:

> Mr. Camden, as you're aware, I have sentencing options available to me. Theoretically for offenses such as this, you could be placed on a probationary period. You're well aware that the Court has the ability to sentence you to a total of 40 years in prison. In determining the appropriate sentence for you, I've considered your age, your prior criminal record, the nature and circumstances of these offenses. I've considered the plea agreement that your attorney worked out with the State. I've also considered the recommendations contained in the presentence investigation report, specifically that you be sentenced to the maximum term in prison permitted by law. I've considered all those things, sir, in light of protecting the community from further offenses by you as well as from the standpoint of what sentence will provide you with the maximum opportunity for rehabilitation, including your need for treatment, which this morning you have acknowledged.

On appeal, Camden contends, "[T]here is no authority for the Department of Correctional Services to provide a sentencing recommendation to the court and because the recommendation in the PSI relied on Camden's scores on the risk assessments, the district court's consideration of the recommendation was

improper." When his brief was filed, Camden did not have the benefit of the Iowa Supreme Court's opinion in *State v. Headley*, 926 N.W.2d 545, 551 (Iowa 2019). There, the court held, "[A]ny sentencing recommendations contained in the PSI are not binding on the court. Therefore, the [district] court did not abuse its discretion when it considered the department of correctional services' sentencing recommendation." *Headley*, 926 N.W.2d at 552. The court further found risk assessment tools to be "pertinent information" for sentencing purposes under section 901.5. *Id.* at 551. The court concluded, "[T]he district court did not abuse its discretion in considering the risk assessment tools on their face as contained within the PSI." *Id.* Based on *Headley,* we conclude the district court did not abuse its discretion in considering the PSI report or the risk assessment tools referenced in the report.

Camden also argues the district court relied on a personal fixed policy in declining to place him on probation. *See State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979) (holding a district court should exercise its sentencing discretion "without application of a personal, inflexible policy relating to only one consideration"). He hangs his hat on the court's statement, "Theoretically for offenses such as this, you could be placed on a probationary period," and, specifically, the word "theoretically." Neither the word nor the sentence reflects a fixed policy against probation. We discern no abuse of discretion in the court's statement of reasons.

We affirm Camden's sentence for four counts of lascivious acts with a child.

**AFFIRMED.**