# IN THE COURT OF APPEALS OF IOWA

No. 19-0448
Filed April 15, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DEONTA JOE SISTRUNK,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson,

Judge.

Deonta Sistrunk challenges his sentence for second-degree theft.

**AFFIRMED.**

G. Brian Weiler, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

Deonta Sistrunk appeals his sentence for second-degree theft.[1]  He claims the court entered an illegal sentence, arguing the value of the property taken did not exceed $1000.  The claim asserted is not one of an illegal sentence but rather an assertion that there is not a factual basis for the plea.  Sistrunk failed to file a motion in arrest of judgment and does not assert counsel was ineffective, waiving a challenge to his plea.  We find the court did not abuse its discretion in sentencing and affirm.

On January 9, 2019, pursuant to a plea agreement, Sistrunk pleaded guilty to second-degree theft in violation of Iowa Code § 714.2(2) (2018), a class "D" felony.  At the plea hearing, Sistrunk agreed the items' value in this case "would probably exceed $1000."  The court accepted Sistrunk's plea.

On February 28, the court sentenced Sistrunk to a five-year indeterminate term of incarceration.  As requested in the joint recommendation, the court suspended the sentence; placed Sistrunk on probation; ordered his placement in a residential corrections facility; and ordered Sistrunk pay the minimum fine, applicable surcharges, and restitution.

Despite Sistrunk's characterization of his claim of an illegal sentence, he asserts only that the value of the property taken did not exceed $1000.  *Cf. Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 644 (Iowa 2019) (noting "a motion challenging a defendant's underlying conviction is *not* a motion to correct an illegal

---

[1] The plea agreement combined two separate cases and included joint sentencing recommendations.  Although the second case was included in the notice of appeal, Sistrunk does not make any claims as to that case in his appellate brief.

sentence" (citation omitted)).  Sistrunk claims that despite his guilty plea to second-degree theft, the sentencing court should have imposed a sentence for fourth-degree theft based on the value provided for restitution at sentencing.

While the degree of the offense is relevant in sentencing, it is part of the conviction.  To challenge the factual basis of his plea and conviction for second-degree theft, Sistrunk would have needed to file a motion in arrest of judgment after the plea and before sentencing.  Iowa R. Crim. P. 2.8(2)(d), 2.24(3)(a) (precluding a challenge on direct appeal to a guilty plea absent a motion in arrest of judgment).  We have recognized an exception to the preservation rule in the context of a claim of ineffective assistance of counsel.  *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).  Sistrunk neither filed a motion in arrest of judgment nor claims ineffective assistance of counsel.  Therefore, any challenge to the factual basis of his guilty plea is not preserved.  *See id.*

"We apply an abuse of discretion standard when the sentence challenged was within statutory limits."  *State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019). "We will find an abuse of discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.'  A ground or reason is clearly untenable when based on an erroneous application of the law." *Id.* (citation omitted).

Sistrunk pleaded guilty to a class "D" felony.  The court imposed a sentence within the statutory limits for the offense to which Sistrunk pleaded guilty.  The court's actions were not untenable or unreasonable, and therefore the court did not abuse its discretion when sentencing Sistrunk.

**AFFIRMED.**