# IN THE COURT OF APPEALS OF IOWA

No. 19-2126
Filed April 14, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ADAM CRAIG SMITH,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Lee North County, Wyatt Peterson

(plea) and John M. Wright (judgment and sentence), Judges.


        Adam Smith appeals following his guilty plea to third-degree burglary.

**AFFIRMED.**



        Anne K. Wilson of Viner Law Firm, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.



        Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Adam Smith pled guilty to third-degree burglary. *See* Iowa Code §§ 713.1, 713.6A (2019). The district court accepted Smith's plea and entered judgment and sentence on December 20, 2019. Smith appealed.

Smith argues the district court "erred in accepting [his] guilty plea and abused [its] discretion in the sentence imposed." He also asserts his plea attorney was ineffective in (1) allowing him to "plead guilty involuntarily," (2) "fail[ing] to move in arrest of judgment challenging the plea," and (3) "fail[ing] to object to the presentence investigation report." The State responds that "[t]his Court lacks authority to consider the defendant's attack on his guilty plea."

Iowa Code section 814.6(1)(a)(3) (Supp. 2019), as amended effective July 1, 2019, states:

> 1. Right of appeal is granted the defendant from:
>    a. A final judgment of sentence, except in the following cases:
>       . . . .
>       (3) A conviction where the defendant has pled guilty. This subparagraph does not apply to a guilty plea for a class "A" felony or in a case where the defendant establishes good cause.

Smith pled guilty to a crime that was not a class "A" felony, and he did so after the effective date of the statute. At the plea proceeding, he was advised he would "give up [his] right to challenge th[e] guilty plea and [his] resulting conviction . . . on appeal unless [he] establish[ed] good cause." When asked if he understood that ramification, he responded, "Yes."

On appeal, Smith mentions "good cause to proceed on appeal" and acknowledges it is a "context-specific" standard, but he does not explain the context other than to reiterate that he "challenges both his guilty plea and his

sentence." *See State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). His conclusory assertion does not amount to good cause, and we decline to consider his challenge to the plea.

Smith's challenge to his sentence is on a different footing. In *Damme*, the supreme court held "that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." 944 N.W.2d at 105. *Damme* authorizes us to reach the merits of Smith's sentencing challenge. *See also State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

Smith contends "[t]he [c]ourt gave undue weight to the [p]re-[s]entence [i]nvestigation [r]eport [(PSI)] when arriving at it's [sic] sentence." He does not elaborate, but in reviewing other portions of his appellate argument we glean that his concern is with the court's "heav[y] reli[ance]" on the PSI report, despite the discovery of "an error . . . regarding victim restitution." Our review is for an abuse of discretion. *See Damme*, 944 N.W.2d at 103.

The district court made several references to the report "as amended by" his attorney. The court's consideration of the report was authorized and appropriate. *See State v. Headley*, 926 N.W.2d 545, 550 (Iowa 2019) (stating "a PSI contains, or is itself, 'pertinent information'" for consideration in sentencing). Notably, the report's preparer did not recommend prison time but "a suspended sentence with probation and a specific condition that he successfully complete residential facility programming." The recommendation largely aligned with Smith's recommendation, although it was "not binding on the court." *Id.* at 552. As for the claimed error in the report's restitution figure, Smith fails to explain the

nature of the error and whether or how the court considered it. We conclude the district court did not abuse its discretion in its use of the PSI report at sentencing.

We are left with Smith's ineffective-assistance of counsel claims. We are precluded from considering those claims. *See* Iowa Code § 814.7 (stating ineffective assistance of counsel clams "shall not be decided on direct appeal from the criminal proceedings.").

We affirm Smith's conviction, judgment, and sentence for third-degree burglary.

**AFFIRMED.**