# IN THE COURT OF APPEALS OF IOWA

No. 20-1110
Filed November 3, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**CODY JOHN HAGEMAN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Mitchell County, DeDra L. Schroeder, Judge.

Cody Hageman appeals the sentences imposed by the district court. **AFFIRMED.**

William P. Baresel of Prichard Law Office, PC, Charles City, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Badding, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**DANILSON, Senior Judge.**

Cody Hageman appeals the sentences imposed by the district court following his guilty plea to two counts of second-degree sexual abuse. Hageman contends that lifetime placement on the sex offender registry for offenses committed as a juvenile violates his constitutional rights and the district court abused its discretion in sentencing. Upon our review, we affirm.

## I.      *Background Facts and Proceedings*

In 2018, the State filed a delinquency petition against Hageman, alleging he committed various sexual offenses when he was fourteen years old against victims under the age of twelve. The juvenile court waived jurisdiction, and Hageman entered a plea of guilty to two counts of second-degree sexual abuse. The district court transferred jurisdiction back to the juvenile court, which ordered Hageman's placement at the State Training School in Eldora. *See* Iowa Code § 907.3A(1) (2018). Prior to Hageman's eighteenth birthday, the district court held a hearing pursuant to section 907.3A(2). The State recommended imposing a suspended prison sentence on both counts, to run consecutively, and placement on the sex offender registry. Hageman requested a deferred judgment and argued that requiring him to register as a sex offender, as a youthful offender, constituted cruel and unusual punishment.

The district court sentenced Hageman to consecutive twenty-five year sentences, suspended the sentences, and required him to register as a sex offender. Hageman appeals.[1]

---

[1] Under Iowa Code section 814.6(1)(a)(3), a direct appeal as a matter of right is prohibited where the defendant has pled guilty except where good cause is

## II.     *Standards of Review*

"Our standard of review for rulings on constitutional challenges to a sex offender registration statute is de novo."  *State v. Aschbrenner*, 926 N.W.2d 240, 245–46 (Iowa 2019).  And "[w]e apply an abuse of discretion standard when the sentence challenged was within the statutory limits."  *State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019).

## III.     *Analysis*

### A.     *Constitutional Challenges*

Hageman contends that lifetime placement on the sex offender registry for offenses committed as a juvenile violates his constitutional rights.   Hageman acknowledges "[t]he court usually rejects the majority of arguments concerning the constitutionality of the sex abuse registry as applied to juveniles," and argues "[i]t is time the court recognize the punitive nature of the sex-abuse registry and disallow this cruel punishment when applied to juveniles."  According to Hageman, "[t]he societal and economic consequences of the sex abuse registry haunt a child for the rest of their life" and "create[ ] several severe mental health problems."[2]  He

---

established or when the defendant has pled guilty to a class "A" felony.  There is good cause to "appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."  *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020); *see also State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) ("[A] defendant who is not challenging her guilty plea or conviction has good cause to appeal an alleged sentencing error when the sentence was neither mandatory nor agreed to in the plea bargain.").  Because Hageman appeals his sentence that was neither mandatory nor part of a plea agreement, he has established "good cause" to appeal his conviction.

[2] Hageman's challenge implies that he was required to register as a sex offender as a juvenile; we note that he was sentenced nine days before his eighteenth birthday.  *But see In re T.H.*, 913 N.W.2d 578, 587–97 (Iowa 2018) (involving a fourteen-year-old who was placed on the registry during the period of his

also claims the "permanent nature of the sex offender registry as applied to juveniles is a violation of the juvenile's substantive due process rights."

Hageman is correct that Iowa courts have addressed, and rejected, the argument that lifetime sex offender registration requirements for juvenile sex offenders constitute cruel and unusual punishment. *See, e.g.*, *T.H.*, 913 N.W.2d at 587–97; *State v. Graham*, 897 N.W.2d 476, 489 (Iowa 2017); *State v. Cox*, No. 16-0102, 2017 WL 4317289, at *2–3 (Iowa Ct. App. Sept. 27, 2017). In respect to the due process claim, our court has determined that "'a lifetime [sex offender registry] requirement is not mandatory or irrebuttable' because section 692A.128 provides a means to lift it, and therefore it does not violate due process."[3] *State v. Huntoon*, No. 20-1405, 2021 WL 3076376, at *2 (Iowa Ct. App. July 21, 2021) (quoting *Cox*, 2017 WL 4317289, at *7–8)). Accordingly, we find Hageman's similar versions of these claims unpersuasive.

### B. Sentencing Decision

This brings us to Hageman's remaining claim—the district court abused its discretion in sentencing. Here, as discussed, the district court exercised its discretion in ordering non-mandatory sex offender registration for Hageman. According to Hageman, in reaching its sentencing decision, the court "sent a clear message that there is no redemption from these types of crimes." He states that even if we agree "a lifetime of reporting on the sex abuse registry is required for

---

dispositional order in juvenile court and concluding imposition of sex offender registration requirements was not cruel and unusual punishment).

[3] We also view Hageman's arguments in his reply brief that it is unlikely Hageman's registration requirement will ever be modified pursuant to section 692A.128 is premature and not ripe for adjudication. *See Cox*, 2017 WL 4317289, at 6.

the protection of the community," "[n]othing in [his] history shows that he should not have been given a deferred judgment." Hageman cites his apologies and statements of remorse; "counselling, good behavior, [and] cooperation" at the training school; and a presentence investigation report recommending a deferred judgment.

In imposing Hageman's sentence, the district court considered the mitigating factors cited by Hageman, as well as his "young" age, the fact that "[t]his is his first offense," and his "positive upbringing," but weighed them against the "nature of the offenses," including the "age of the victims" and the fact that the "events" "transpired for a significant period of time" and involved "manipulation and secretive behavior." The court also noted that although Hageman now showed "some acceptance of responsibility,"[4] he had not always shown "a full acceptance of responsibility." The court provided a detailed statement of reasons for imposing prison sentences, despite its "understand[ing] that [Hageman's] age dictates that [deferred judgment] is certainly a valid request." We discern no abuse of discretion in the district court's decision not to order a deferred judgment.

Specifically with regard to the sex offender registry requirement, Hageman admits his "final psychosexual report" "indicated a highly elevated risk for sexual perpetration, despite [his] completion of treatment." Indeed, that evaluator recommended further treatment for Hageman as well as "placement on the sex offender registry given that his initial static factors were greater that initially presented and continued concerns with current triggers." Considering all of the

---

[4] Hageman stated he was sorry for his actions during sentencing.

information identified by the district court, we conclude the district court was within its discretion to order Hageman's placement on the sex offender registry. *Cf. T.H.*, 913 N.W.2d at 592 ("Under Iowa's scheme, some juveniles are required to register pursuant to the court's discretion, and such a determination may require weighing the juvenile's intent to recommit.").

We affirm Hageman's sentences.

**AFFIRMED.**