# IN THE COURT OF APPEALS OF IOWA

No. 21-1075
Filed June 15, 2022

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**BILLY DEAN DEVILBISS,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Guthrie County, Randy V. Hefner, Judge.

A defendant appeals his sentence for driving while barred as a habitual offender. **AFFIRMED**.

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Billy Dean Devilbiss appeals his sentence for driving while barred as a habitual offender.  He contends the district court abused its discretion by imposing an indeterminate two-year period of incarceration.  As we determine there was not an abuse of discretion, we affirm the sentence.

## I.      Background Facts & Proceedings

On August 6, 2020, a county deputy sheriff stopped Devilbiss while he was riding a motorcycle.  Because of prior license revocations, Devilbiss's driver's license was barred.  He pled guilty to driving while barred as a habitual offender, in violation of Iowa Code sections 321.560 and 321.561 (2020), on July 12, 2021. Devilbiss waived his right to have a presentence investigation report completed prior to sentencing.  As there was not a plea agreement, the State and Devilbiss were each free to make sentencing recommendations at hearing, held August 2, 2021.

Devilbiss requested the court suspend his sentence while the State asked the court to impose a prison term.  In determining the sentence, the district court noted that the goal of sentencing was to protect the community and provide rehabilitation to the defendant.  The court also noted that "[t]o the extent apparent in this record [the court] will consider your age, your prior record,[1] your employment circumstances, that weighs to your benefit, family circumstances, and the nature of the offense."  The court highlighted that this was Devilbiss's eighth

---

[1]The State recited Devilbiss's criminal history at the sentencing hearing as "burglary [in the] third degree, public intoxication, two charges of carrying weapons, three possessions of controlled substance first offense convictions, [and] several theft [in the] third [degree] convictions."

conviction for driving while barred in five years.[2]  In particular, the court noted that, ordinarily, "significant jail time would not be justified."  However, the court also opined:

> Each time you get behind the wheel and start driving down the road, you're committing a crime, and you know you're committing a crime, and you keep doing it, and doing it, and doing it.  And at some point in time the goal of sentencing is also to deter commission of crimes like this.

The court sentenced Devilbiss to an indeterminate two-year period of incarceration.  Devilbiss appeals.

## II.     Standard of Review

Our supreme court succinctly explained our standard of review for challenging a sentence:

> We apply an abuse of discretion standard when the sentence challenged was within the statutory limits.  We will find an abuse of discretion when the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.  A ground or reason is clearly untenable when based on an erroneous application of the law.

*State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019) (internal citations and quotation omitted).

## III.    Discussion

Devilbiss contends the district court abused its discretion by solely considering his prior convictions.[3]  Iowa Code section 901.5 instructs courts to

---

[2] Devilbiss's seven prior convictions for driving-while-barred resulted in a minimum fine, then jail terms of two days, seven days, fourteen days, thirty days, forty-five days, and sixty days, respectively.

[3] Devilbiss has good cause to appeal under section 814.6 because he is challenging "a discretionary sentence that was neither mandatory nor agreed to as part of [his] plea bargain, and [he] is appealing that sentence and asking for

consider which sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Section 907.5 instructs the court, when deciding whether to defer or suspend a sentence, to consider the age of the defendant, the defendant's prior record, employment and family circumstances, the nature of the offense, and "[s]uch other factors as are appropriate." *See also State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006) (noting a court should consider the nature and circumstances of the offense, defendant's age, and chances of reform).

Devilbiss suggests the district court relied exclusively on his seven previous driving-while-barred convictions, ignoring other factors including Devilbiss recently becoming a grandfather, employment, and progress on paying court ordered fees. However, the sentencing transcript belies this contention. The district court noted it was considering which sentence would protect the community and rehabilitate Devilbiss. In making that determination, the court expressly considered Devilbiss's age, family circumstances, and nature of the offense. The court commented on how Devilbiss's employment "weighs to [Devilbiss's] benefit." The court did not ignore pertinent factors.

While the court relied heavily on Devilbiss's prior record, particularly the driving-while-barred convictions, such is a valid factor in determining a sentence. *See, e.g., State v. Young*, No. 16-1540, 2017 WL 2672771, at *2 (Iowa Ct. App. June 21, 2017) (finding six prior driving-while-barred convictions a proper factor for the court to consider); *State v. Hauersperger*, No. 15-1602, 2017 WL 108294,

---

resentencing without challenging [his] guilty plea or conviction." *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

at *4 (Iowa Ct. App. Jan. 11, 2017) (noting that the defendant's seven driving-while-barred offenses were relevant). This criminal history is relevant in considering Devilbiss's chances of rehabilitation and the risks he poses to the public, which the court expressly noted it was considering. The district court did not abuse its discretion. We affirm the sentence imposed by the district court.

**AFFIRMED.**