# IN THE COURT OF APPEALS OF IOWA

————————

No. 24-1549
Filed May 27, 2026

————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Steven James McAllister,**
Defendant–Appellant.

————————

Appeal from the Iowa District Court for Winnebago County,
The Honorable Colleen Weiland, Judge.

————————

**AFFIRMED**

————————

Jason Patrick Hallberg of Hallberg Law Firm P.C., Buffalo Center, attorney
for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney
General, attorneys for appellee.

————————

Considered without oral argument
by Badding, P.J., Sandy, J., and Doyle, S.J.
Opinion by Doyle, S.J.

**DOYLE, Senior Judge.**

Steven McAllister appeals from the sentence the district court imposed after he pled guilty to third-degree sexual abuse.[1] He contends that the court abused its discretion by considering unproven charges and that there were substantial defects in the sentencing procedure. Because McAllister has not proven either claim, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

McAllister pled guilty to third-degree sexual abuse for performing a sex act in 2023 on a child fourteen or fifteen years of age when he was four or more years older than the child. At the plea hearing, his attorney agreed that the court could rely on the minutes of testimony to find McAllister guilty of the charge. The court found a factual basis existed and accepted the plea.

The court sentenced McAllister six weeks later. The presentence investigation (PSI) report, which was filed five days before the hearing, said that victim impact statements would be available at the time of sentencing. The investigator recommended that the court sentence McAllister to ten years of incarceration.

McAllister testified at the sentencing hearing. A victim witness coordinator presented victim impact statements from the child and her father. The child's mother gave a victim impact statement that explained how McAllister affected her family. She also mentioned "feeling that this is

---

[1] Because McAllister is challenging his sentence rather than his guilty plea, he has good cause to appeal under Iowa Code section 814.6(1)(a)(3) (2024). *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

not the first time that something has happened."   The court sentenced McAllister to prison for ten years.

## SCOPE AND STANDARD OF REVIEW

We review the sentence imposed by the district court for correction of errors at law.  *State v. McCollaugh*, 5 N.W.3d 620, 627 (Iowa 2024).  Because McAllister's sentence falls within the statutory limits, we will overturn it only if McAllister shows the court abused its discretion or if there was a defect in the sentencing procedure.  *See id.*  The court abuses its discretion if it exercises it "on grounds or for reasons that were clearly untenable or unreasonable."  *State v. McCalley*, 972 N.W.2d 672, 676 (Iowa 2022).  We may find the grounds are untenable if the court erroneously applies the law.  *Id.*

## DISCUSSION

Before imposing a criminal sentence, the court must consider all pertinent information, including the PSI report and victim impact statements, and consider the sentencing options.  Iowa Code § 901.5; *State v. Headley*, 926 N.W.2d 545, 550 (Iowa 2019) ("Sentencing courts in Iowa generally have broad discretion to rely on information presented to them at sentencing.").  Among the factors the court should consider are the nature of the offense and the attending circumstances, as well as the defendant's age, character, and chance of reform.  *Headley*, 926 N.W.2d at 550.  From the available options, the court must choose the sentence that provides maximum opportunity for the defendant's rehabilitation while protecting the community from further offenses by the defendant and others.  Iowa Code § 901.5.

McAllister contends the district court abused its sentencing discretion in two ways.  First, he raises the possibility that the court relied on unproven

and unprosecuted charges in sentencing him. Second, he contends the sentencing procedure was defective. We consider each claim in turn.

## I.    Unproven and unprosecuted charges.

McAllister contends resentencing is necessary because the court relied on unproven or unprosecuted charges in sentencing him. *See State v. Hallock*, 31 N.W.3d 36, 45 (Iowa 2026) (restating the "well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges"). During the hearing, the court informed McAllister of the goals of sentencing and noted its duty "to apply everything that I've learned about Mr. McAllister's crime and about him and try to apply those and fit them into those three goals." McAllister interprets the statement as showing the court improperly inferred from the victim impact statements that he engaged in unproven criminal acts of sexual abuse.

We trust the district court "will 'filter out' any improper or irrelevant material in victim-impact statements absent clear evidence to the contrary." *Id.* (citation omitted). If the record does not clearly show that the court relied on an improper factor, we will not assume it did so. *See id.* ("We will not draw an inference of improper sentencing considerations which are not apparent from the record." (citation omitted)).

McAllister relies on a single statement among five pages of transcript explaining the court's reasons for selecting the sentence imposed. Taken at face value and in context, that statement shows that the court fulfilled its obligation to consider all relevant factors in crafting a sentence calculated to meet the goals outlined in section 901.5. For McAllister's claim to succeed, we must infer that the victim impact statements referred to unproven acts of sexual abuse and that the court relied on those statements in imposing its sentence. We do not engage in speculation on top of speculation. Because

nothing in the record objectively shows that the court relied on allegations of unproven conduct, McAllister has not met his burden of showing the court abused its discretion by considering unproven conduct.

## II.    Procedural defects.

McAllister also contends that we must vacate his sentence and remand for resentencing based on defects in the sentencing procedure. He complains that the PSI report was incomplete because the presentence investigator did not file completed victim impact statements with it. Iowa Code § 901.3(1)(e) ("[T]he presentence investigator shall provide a victim impact statement form to each victim, if one has not already been provided, and shall file the completed statement or statements with the presentence investigation report."). McAllister claims that because the PSI report was incomplete, the sentencing court should not have considered it during sentencing.[2]

Section 915.21(1) offers five ways of presenting victim impact statements to the sentencing court. One way is by filing them with the county attorney and including them in the PSI report. Iowa Code § 915.21(1)(a). Another way is by orally presenting them at the sentencing hearing, as the

---

[2] McAllister also complains that the presentence investigator and psychosexual evaluator relied on the minutes of testimony in recommending sentences to the court because both note a discrepancy in McAllister's and the child's version of events and the PSI report refers to the minutes for the child's version. McAllister thereby infers that they relied on part of the minutes that implied McAllister used force, which McAllister disputed and disallowed the court from considering in finding a factual basis for his plea. McAllister now infers that by reviewing the PSI report and psychosexual evaluation, the sentencing court relied on an unproven offense involving use of force. Again, there is no evidence the court relied on an unproven offense in sentencing. To the extent that McAllister claim this procedure "lack[ed] regard for the Iowa Code in the sentencing process," he cites no authority. *See* Iowa R. App. P. 6.903(2)(a)(8)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

child's mother did.  *See id.* § 915.21(1)(b).  A designated representative can also make a statement on behalf of a victim, as the victim witness coordinator did on behalf of the child and her father.  *See id.* § 915.21(1)(e).

Section 901.3(1)(e) requires that the presentence investigator "promptly inquire" into "[t]he harm to the victim, the victim's immediate family, and the community."  The investigator must also provide victim impact statement forms to the victims "if one has not already been provided."  *Id.* § 901.3(1)(e).  Completed statements are to be filed with the PSI report.  *Id.*  But when the PSI report was filed—five days before the sentencing hearing—the victim impact statements were not completed. *Cf. State v. Warburton*, 31 N.W.3d 29, 36 (Iowa 2026) (noting that section 915.21(1) gives victims discretion to present a statement but does not compel one).  The section of the PSI report reserved for noting the harm to the victim states, "Victim Impact Statements will be available at the time of sentencing."  The statements were thus presented as provided in section 915.21(1)(b) and (e).  No defects occurred.

Even if a defect occurred based on presentation of the victim impact statements, McAllister has not shown prejudice.  He claims that the procedure impeded his ability to deny unproven offenses allegedly referred to in the victim impact statements.  But we have already found no sign that the court inferred unproven offenses and relied on them in sentencing McAllister.

**AFFIRMED.**