# IN THE COURT OF APPEALS OF IOWA

No. 18-1182
Filed October 9, 2019

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**WILLIAM SEAN PORTER,**
  Defendant-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Christopher L. Bruns, Judge.

William Porter appeals his sentencing order. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

The State charged William Porter with first-degree robbery. He ultimately pled guilty to second-degree robbery.[1] *See* Iowa Code § 711.3 (2018).

Second-degree robbery is punishable by a prison term not to exceed ten years. Under Iowa Code sections 901.11(3) and 902.12(3), the sentencing court must impose a mandatory minimum "between one-half and seven-tenths" of the ten-year term.

Porter's plea deal centered on the mandatory minimum. In exchange for Porter's plea, the State agreed to recommend that the court impose whatever mandatory minimum the presentence investigation report (PSI) recommended.

As it turned out, the PSI recommended a minimum of seven years. True to its word, the State asked the district court to follow the PSI recommendation. Consistent with that recommendation, the district court imposed a seventy-percent mandatory minimum. Porter now appeals his sentence.

Porter claims the district court wrongly considered the risk assessment in the PSI because it was not "validated." But "[a] court has a right to rely on the information in the PSI when the defendant fails to object to the information contained in the PSI."[2] *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). At his sentencing, Porter objected to several portions of the PSI. Yet he did not object to

---

[1] We recognize Iowa Code section 814.6 was recently amended to prohibit most appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140, § 28. In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019." ___ N.W.2d ___, ___, No. 18-0839, 2019 WL 4382985, at *7 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendments "do not apply" to this case, which was pending on July 1, 2019. *See id.*
[2] Moreover, the supreme court recently held a sentencing court did not abuse its discretion in considering the same risk assessment on its face. *See State v. Headley*, 926 N.W.2d 545, 551 (Iowa 2019).

the risk assessment. Therefore, "the court had a right to rely on the assessment." *See id.* Porter failed to preserve error as to his complaints about the risk assessment.

As a fallback, Porter contends his counsel below was ineffective in failing to preserve his risk-assessment arguments. If the record is sufficient, we can reach ineffective-assistance claims on direct appeal.[3] Here, though, the record contains no evidence concerning the validity of the risk assessment. So we preserve this issue for possible postconviction review. *See Headley*, 926 N.W.2d at 551.

Porter also claims the district court abused its discretion by not suspending the fine. We have recently held Iowa law prohibits suspending or deferring a sentence when the crime is a forcible felony. *State v. Ali*, No. 18-0815, 2019 WL 1294192, at *1 (Iowa Ct. App. Mar. 20, 2019) (finding current Iowa law "withholds the authority to suspend a sentence for a forcible felony"). And we have ruled "the $1000 fine is not discretionary—because of the current wording of Iowa Code section 902.9(4)—nor may it be suspended—because robbery is a forcible felony." *State v. Gardner*, No. 08-1046, 2009 WL 1067062, at *2 (Iowa Ct. App. Apr. 22, 2009). So the district court had to impose the $1000 fine. We affirm without further opinion. Iowa Ct. R. 21.26(1)(a), (c), (e).

**AFFIRMED.**

---

[3] We recognize section 814.7 was recently amended to prohibit consideration of ineffective-assistance claims on direct appeal. *See* 2019 Iowa Acts ch. 140, § 31. But because this appeal was pending on July 1, 2019, we may consider Porter's ineffective-assistance claim on direct appeal if the record is sufficient. *See Macke*, ___ N.W.2d at ___, 2019 WL 4382985, at *7.