# IN THE COURT OF APPEALS OF IOWA

No. 18-0050
Filed October 9, 2019

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**NATHAN D. JACOBSON,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, DeDra Schroeder, Judge.

The defendant appeals his sentence for child endangerment causing bodily injury following his plea of guilty. **CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and May, JJ.

**TABOR, Presiding Judge.**

Nathan Jacobson pleaded guilty to child endangerment causing bodily injury. The district court sentenced him to an indeterminate five-year prison term. Jacobson contests his prison sentence on four grounds: (1) the district court violated his due process rights by considering a risk-assessment tool; (2) the court abused its discretion by considering the sentencing recommendation in the presentence investigation (PSI) report; (3) the court abused its discretion by failing to consider mitigating features of youth when sentencing Jacobson, who was seventeen years old when he committed the crime; and (4) the sentencing order improperly assessed court costs and jail fees.

Those first and second grounds for relief are derailed by our supreme court's recent decision in *State v. Headley*, 926 N.W.2d 545, 549–50 (Iowa 2019) (deciding the district court could consider risk-assessment tools and sentencing recommendations contained in a PSI when defense did not object to either matter at the sentencing hearing). On the third ground, we find no abuse of discretion in the sentencing court's consideration of Jacobson's youth. Jacobson may raise his alternative claim that trial counsel failed to effectively argue those mitigating factors in a postconviction-relief action. On the fourth ground, applying *State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019), we vacate the restitution order and remand for the district court to receive the final restitution plan before determining Jacobson's reasonable ability to pay.

## I.    Facts and Prior Proceedings

At his guilty plea hearing, Jacobson admitted he "slapped" a child in his care and "caused a bruise."  He also acknowledged the court could look to the minutes of testimony to establish a factual basis for his guilty plea.  According to the minutes, Jacobson was caring for his girlfriend's two-month-old son, E.J., when he called for an ambulance.  Jacobson told the first responders E.J. had fallen and was not breathing.  But they saw heavy bruising to the infant's face "consistent with child abuse."  The ambulance took E.J. to the emergency room at the Floyd County Medical Center, where doctors decided the severity of his injuries required transfer to University Hospitals in Iowa City.  The hospital reported E.J. suffered an acute subdural hematoma.  He had visible bruising on his left cheek, consistent with a hand print, as well as a linear bruise across his lower lip.  The infant also suffered extensive diffuse multi-layer retinal hemorrhages.

The State originally charged Jacobson with child endangerment resulting in serious injury, a class "C" felony.  After negotiations, Jacobson accepted the State's offer to plead guilty to child endangerment resulting in bodily injury, a class "D" felony.  Each side was free to argue for any available sentencing option.

At sentencing, the State lobbied for an indeterminate five-year prison term. Jacobson asked for a deferred judgment.  In his allocution, Jacobson maintained "there was an accident" during which the baby fell out of his arms to the floor and stopped breathing.  He told the court: "I slapped him with a desire to see him

breathe again. It was a mistake, and I regret it very much." The district court imposed a prison sentence. Jacobson now appeals.[1]

## II. Scope and Standards of Review

When a sentence falls within statutory limits, we review challenges for an abuse of the district court's discretion. *Headley*, 926 N.W.2d at 549. We will find an abuse only if that court exercises its discretion on grounds or for reasons that are "clearly untenable or unreasonable." *Id.* A ground or reason fits that description "when based on an erroneous application of the law." *Id.* We engage in a de novo review of constitutional claims, like due process and ineffective assistance of counsel. *More v. State*, 880 N.W.2d 487, 499 (Iowa 2016). We review restitution orders for correction of errors at law. *Albright*, 925 N.W.2d at 158.

## III. Analysis

### A. Sentencing Court's Discretion to Consider Risk Assessment and the PSI Sentencing Recommendation

The PSI included a risk assessment completed for Jacobson using the Iowa Risk-Revised (IRR), a validated assessment tool. The IRR ranked Jacobson as "high risk." The PSI also included the preparer's recommendation that Jacobson be sentenced to five years in prison.

At the sentencing hearing, defense counsel objected to the PSI's inclusion of reports from the Iowa Department of Human Services (DHS) investigation. But

---

[1] Before reaching the merits of Jacobson's arguments, we address his ability to appeal his sentence following a guilty plea and our jurisdiction or authority to decide his ineffective-assistance-of-counsel claim on direct appeal. Our supreme court decided recent amendments to Iowa Code section 814.6 (2019) (limiting direct appeals from guilty pleas) and 814.7 (prohibiting resolution of ineffective-assistance-of-counsel claims on direct appeal) apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke*, ___ N.W.2d___, ___, 2019 WL 4382985, at *7 (Iowa 2019).

counsel did not object to the risk assessment or the preparer's sentencing recommendation. The district court advised Jacobson that it considered "everything [it] learned about [him]" through the PSI, with the exception of the DHS reports. The court also explained: "I take into account the fact that you were given a validated risk assessment and that assessment determines you to be a high risk."

For the first time on appeal, Jacobson argues (1) the district court violated his right to due process by considering his "high risk" rating on the IRR and (2) the court abused its discretion by considering the PSI recommendation that he be incarcerated. Jacobson filed his final appellant's brief raising these issues in August 2018. In April 2019, our supreme court issued its decision in *Headley*, rejecting almost identical claims raised by the defendant in that case.

On the risk-assessment issue, *Headley* held:

> [T]he district court did not abuse its discretion in considering the risk assessment tools on their face as contained within the PSI. . . . [T]he defendant failed to preserve error on his due process and abuse-of-discretion claims regarding the court's consideration of the risk assessment tools contained in the PSI. . . . [T]he record is insufficient to reach these due process and abuse-of-discretion claims on direct appeal.

*Id.* at 548.

On the PSI suggestion for incarceration, the court rejected Headley's claim "that the district court abused its discretion when it considered the department of correctional services' sentencing recommendation." *Id.* at 548, 552 (noting PSI recommendations are not binding on sentencing court).

Following *Headley*, we must reject Jacobson's first and second claims.

**B.    Sentencing Court's Consideration of Mitigating Features of Youth**

Jacobson next argues the sentencing court abused its discretion in failing to consider "the mitigating features of youth" in sentencing him for this crime he committed when he was seventeen years old.  He lists those "distinctive (and transitory) mental traits" as "lack of maturity, underdeveloped sense of responsibility, vulnerability to peer pressure, and the less fixed nature of the juvenile's character."  *See State v. Null*, 836 N.W.2d 41, 74 (Iowa 2013).  But Jacobson recognizes sentencing courts are not required to expressly consider these factors "on the record" unless the juvenile offender faces a mandatory minimum period of incarceration.  *See State v. Crooks*, 911 N.W.2d 153, 172 (Iowa 2018); *State v. Propps*, 897 N.W.2d 91, 104 (Iowa 2017).

At the sentencing hearing, Jacobson's youth was a key consideration.  Jacobson told the court he "wasn't ready" for the burden of caring for the baby.  In asking for a deferred judgment, defense counsel noted Jacobson was only a teenager and was "emotionally immature."  Many of the letters in support of Jacobson mentioned the many family responsibilities he had taken on at a young age.  And the court expressly considered Jacobson's youth as a factor in its sentencing determination: "I look at your age, which you're young."

On this record, we find no abuse of discretion in district court's weighing of the myriad of factors at play in sentencing Jacobson, including the mitigating factor of his youth.  *See Crooks*, 911 N.W.2d at 173.  To the extent that Jacobson claims his attorney should have more fully identified "the mitigating features of youth

in arguing for a lesser sentence," he can raise that claim of ineffective assistance of counsel in any future postconviction-relief action.

### C.    Reasonable Ability to Pay Jail Fees and Court Costs

In its written sentencing order, the district court directed Jacobson to pay the amount of room-and-board fees to be assessed later by the county.  And the court determined Jacobson was "reasonably able to pay" those fees "pursuant to Iowa Code § 910.2 (2018)."[2]  The order also assessed court costs, as determined by the clerk of court, against Jacobson.

On appeal, he argues the written sentencing order conflicts with the oral pronouncement of sentence, where the court did not mention court costs, jail fees, or Jacobson's reasonable ability to pay.[3]    Jacobson argues the oral pronouncement must govern and we should remand for entry of a nunc pro tunc order removing the assessment of court costs and jail fees from the written sentencing order.  *See State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995) (explaining "when a judgment entry incorrectly differs from the oral rendition of the judgment merely as a result of clerical error, the trial court holds the inherent power to correct the judgment entry so that it will reflect the actual pronouncement of the court").  In the alternative, Jacobson argues the district court abused its discretion in deciding he had the reasonable ability to pay correctional fees before knowing

---

[2] In the same order, the court decided Jacobson was not reasonably able to pay attorney fees "pursuant to Iowa Code § 815.9."

[3] At the sentencing hearing, the court stated: "Restitution was not requested by the State that I heard, and I don't see a restitution amount, so that will not be imposed.  The State does have 30 days to file for restitution, and a hearing could be held on that if a restitution request is made."

the entire amount and in ordering him to pay court costs without deciding he had the reasonable ability to pay that category of restitution.

The State questions whether a discrepancy actually exists between the oral pronouncement and the written sentencing order. The State also argues Jacobson's complaint about room-and-board fees is premature because the record does not reflect a sheriff's claim for reimbursement.

To address Jacobson's first point, we do not find *Hess* applies to this situation. Any difference between the oral pronouncement of sentence and the written order does not appear to be "the result of clerical error." *See id.* We read the sentencing court's statements at the hearing as delaying its decision on restitution until more information was available.

But Jacobson's restitution claim *is* governed by *Albright*, 925 N.W.2d at 159. In that case, our supreme court emphasized a final restitution order must account for the offender's reasonable ability to pay certain items of restitution, including court costs and jail fees. *See id.* at 160. Jacobson's written sentencing order does not comply with the statutory procedures outlined in *Albright*. Accordingly, we vacate that part of the sentence and remand for the district court to impose restitution consistent with the *Albright* directives.

**CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**