# IN THE COURT OF APPEALS OF IOWA

No. 18-0956
Filed October 9, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JAMES M. BAILEY JR.,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows , Judge.

James Bailey Jr. appeals the sentence imposed after pleading guilty to first-degree theft. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

James Bailey Jr. appeals the sentence imposed after pleading guilty to first-degree theft.[1]  He contends the court abused its discretion by considering the sentencing recommendation contained in the presentence investigation report (PSI).  Our supreme court has determined sentencing recommendations provide information pertinent to sentencing and, therefore, are not inherently improper for the sentencing court to consider.  *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019).  To preserve error on a claim that the court's reliance on the sentencing recommendation was improper for reasons specific to his case, Bailey was required to object and ask to make a record on the matter before sentencing. *See id.* at 550.  He did not do so, and error on this claim is not preserved.

Bailey then contends his counsel was ineffective by failing to object to (1) the victim impact statement attached to the PSI and (2) portions of the PSI that were inaccurate or contained inappropriate factors to consider in imposing sentence.[2]  *See id.* (noting that we can only examine a claim under the rubric of ineffective assistance of counsel when a defendant fails to preserve error).  To prevail on this claim, he must show "(1) trial counsel failed to perform an essential duty; and (2) this omission resulted in prejudice."  *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).  But his brief contains little more than a statement of these

---

[1] Our supreme court decided recent amendments to Iowa Code section 814.6 (2019) limiting direct appeals from guilty pleas apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019.  *See State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *7 (Iowa 2019).

[2] Our supreme court decided recent amendments to Iowa Code section 814.7 prohibiting consideration of ineffective-assistance-of counsel claims on direct appeal apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019.  *See Macke*, ___ N.W.2d at ___, 2019 WL 4382985, at *7.

claims with no explanation as to how these failures prejudiced him. Because the record is insufficient to allow us to resolve the claims on direct appeal, we preserve these claims of ineffective assistance of counsel for postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

**AFFIRMED.**