# IN THE COURT OF APPEALS OF IOWA

No. 18-0707
Filed January 9, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DYLAN DANIEL MILLARD,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Carol S. Egly, District Associate Judge.

Dylan Millard appeals following guilty pleas to harassment in the first degree, harassment in the second degree, and assault causing bodily injury or mental illness. **AFFIRMED.**

John Hardy, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Mullins, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**MAHAN, Senior Judge.**

Dylan Millard pled guilty to assault causing bodily injury (SRCR309738), harassment in the first degree (AGCR310487), and harassment in the second degree (AGCR312725). The district court accepted Millard's pleas. At the time of the consolidated sentencing hearing,[1] Millard was serving a five-year sentence for FECR309647, which defense counsel noted "is listed as part of the plea agreement." Defense counsel requested the district court "adopt the [State's sentencing] recommendations." The court followed the State's recommendation and sentenced Millard to incarceration on all three convictions, with the sentences to run concurrent to his sentence in FECR309647.

On appeal, Millard contends the court "abused its discretion in the factors it failed to consider when imposing its sentence." Millard acknowledges the court "recit[ed] the consideration of certain factors by checking boxes on the form sentencing order," but he claims "there is no evidence" the court "actually evaluated" which of the available sentences would provide maximum opportunity for rehabilitation and protection of the community. As Millard points out, the court checked several but not all the factors listed on the form sentencing order. The selections demonstrate the court's exercise of discretion, *see State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014) ("In this age of word processing, judges can use forms, such as the one available in this case, to check the boxes indicating the reasons why a judge is imposing a certain sentence."), and we find no abuse of

---

[1] The court also conducted the plea hearing with regard to AGCR312725 at that time.

discretion in the sentencing decision, *see State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019) (setting forth standard of review).

Millard further claims his pleas were not knowingly and voluntarily made and asks us to "set aside [his] guilty pleas and remand the cases to the district court for further proceedings." Because Millard was sufficiently advised of his obligation to file a motion in arrest of judgment to challenge his plea but did not do so,[2] he has failed to preserve error on this claim.[3] *See* Iowa R. Crim. P. 2.24(3)(a); *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017).

Accordingly, we affirm Millard's convictions.

**AFFIRMED.**

---

[2] Millard's written guilty pleas in SRCR309738 and AGCR310487 included the following language: "To contest this plea I must file a Motion in Arrest of Judgment within 45 days after this plea but no later than 5 days prior to sentencing. I understand that by seeking immediate sentencing I give up this right and forever waive my right to challenge this plea and to appeal my plea." Millard's guilty plea in AGCR312725 provided, "To contest this plea I must file a Motion in Arrest of Judgment within 45 days after this plea but no later than 5 days prior to sentencing," and during the plea colloquy, the court stated, "You have the right to file a motion in arrest of judgment. That's the legal vehicle by which you attack the validity of this plea proceeding. That motion must be filed, however, at least five days before sentencing"; Millard elected to proceed to immediate sentencing.

[3] Millard has not challenged his pleas through a claim of ineffective assistance of counsel.