# IN THE COURT OF APPEALS OF IOWA

No. 19-1782
Filed September 23, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEANGELO D. ALLEN,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        Deangelo Allen challenges the sentences imposed after pleading guilty to various charges. **AFFIRMED.**


        Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


        Considered by Doyle, P.J., and Mullins and Greer, JJ.

**DOYLE, Presiding Judge.**

Between September 2018 and July 2019, the State charged Deangelo Allen with a twelve crimes in four separate criminal cases. Allen reached a plea agreement with the State in each case, eventually pleading guilty to a total of five charges, including two felony charges of possession of a controlled substance. The parties agreed that the sentences for each charge would run consecutively for a total term of incarceration of fifteen years.

At the October 2019 sentencing hearing, the State asked the court to impose the sentences while Allen asked the court to suspend them. The court denied Allen probation, stating its reasons on the record:

> The main reasons are because of the fact that you continue to commit offenses while you were out on bond and because you have a firearm involved, and you just can't have that. And while there is certainly some mental health issue—there are mental health issues that are involved here, there's no doubt about that, I just don't see any real—well, I know I have all kinds of options, I just don't see any real option other than incarceration.

On appeal, Allen argues that "the greater weight of the evidence supported a suspended sentence rather than prison sentence." Because the sentences are within the statutory limits, we review for an abuse of discretion. *See State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019). The district court abuses its discretion by imposing a sentence on grounds or for reasons that are clearly untenable or unreasonable. *See id.* We find an abuse of discretion if the sentencing court erred in applying the law or if the evidence does not support the sentence imposed. *See State v. Gordon*, 921 N.W.2d 19, 24-25 (Iowa 2018).

We are unable to find an abuse of discretion. Allen's argument for suspending the sentences is based on the recommendation in the presentence

investigation reports and two letters submitted on his behalf. Although the recommendation and letters could support a decision to suspend Allen's sentences, nothing in the record indicates the court abused its discretion in imposing the sentences of incarceration. We therefore affirm.

**AFFIRMED.**