# IN THE COURT OF APPEALS OF IOWA

No. 20-0857
Filed April 14, 2021

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**GASTON KEAHNA, III,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Samantha Gronewald, Judge.


　　　A defendant appeals his sentence for domestic abuse assault, second offense. **AFFIRMED.**


　　　Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.


　　　Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

Gaston Keahna pleaded guilty to domestic abuse assault, second offense. The district court imposed a prison term not to exceed two years to be served concurrently with a five-year sentence in a separate drug possession case.[1] Keahna argues the court should have suspended his sentence, placed him on probation, and ordered him to "participate in treatment and counseling." Finding no abuse of discretion in the imposed sentence, we affirm.

Police officers arrested Keahna after his live-in girlfriend reported "that he struck her in the face and pushed her to the ground." She had injuries on her face and legs consistent with the alleged assault. The State charged Keahna with domestic abuse assault, second offense, enhanced to an aggravated misdemeanor under Iowa Code section 708.2A(3)(b) (2020). Keahna entered a written guilty plea in May 2020. He also stipulated to the enhancement, acknowledging a domestic-abuse assault conviction from a year earlier. In exchange for the plea, the State agreed to recommend any term be concurrent to Keahna's sentence in the drug case. Meanwhile, the district court issued a five-year no-contact order, prohibiting Keahna from interacting with his girlfriend.

At the May 2020 sentencing hearing, Keahna waived his right to a presentence investigation (PSI) because the department of correctional services had completed a report two months earlier in the other case. He did not object to

---

[1] We recently upheld Keahna's indeterminate five-year term of imprisonment for possession of a controlled substance, third offense. *See State v. Keahna*, No. 20-0845, 2021 WL 1017141, at *2 (Iowa Ct. App. Mar. 17, 2021). Keahna moved to consolidate these cases before briefing, but the State resisted. The supreme court denied the motion. In this direct appeal, Keahna challenges only the sentence imposed in the domestic abuse assault case.

use of the earlier PSI report in sentencing him for the domestic-abuse assault conviction. That report recommended a suspended sentence and supervised probation based on Keahna's unresolved substance-abuse issues.

While acknowledging prison might not be the best option for substance-abuse treatment, the State urged incarceration was appropriate when considering Keahna's crimes of domestic violence. Emphasizing this was Keahna's second assault against the same victim, the prosecutor argued her safety should be of paramount concern. The prosecutor also noted Keahna had received probation after his first domestic-abuse assault conviction but failed to comply with the conditions. Specifically, Keahna violated a no-contact order and did not complete the Iowa Domestic Abuse Program (IDAP). Based on Keahna's probation revocation, the prosecutor argued Keahna had not taken "the necessary steps to make himself an active member of society and not to pose a danger to others." In the State's view, a term of imprisonment ensured that Keahna would participate in the IDAP while protecting the victim and society from future harm.

Agreeing with the State's perspective, the district court sentenced Keahna to an indeterminate two-year term of imprisonment, a $625 fine plus surcharge, and completion of the IDAP. The court ordered Keahna's sentence to run concurrently with his sentence for the drug offense. Keahna now appeals.[2]

---

[2] Under Iowa Code section 814.6 (2020), defendants cannot appeal a conviction following a guilty plea (other than class "A" felonies) without good cause. Good cause exists when a defendant challenges the sentence rather than the plea. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Because Keahna is challenging his sentence, he has good cause to appeal.

We review sentencing challenges for correction of legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When a district court, as here, imposes a sentence within statutory limits, the sentencing decision "is cloaked with a strong presumption in its favor." *Id.* We will reverse the sentence only if the court abused its discretion or considered improper factors. *See id.* Our job is not to "second guess" the sentencing court's decision. *Id.* Instead, we assess whether the court reached its decision on clearly untenable grounds. *Id.*

On appeal, Keahna claims the district court abused its discretion by imposing a prison term instead of granting probation. He insists the court should have followed the PSI recommendation for probation and required him to complete either outpatient or residential treatment. We reject his contention.

Although the court may consider the recommendations in the PSI report, they are not binding on the sentencing decision. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). Plus, the PSI recommendation was less pertinent to this case because the March 2020 report did not include Keahna's second domestic-abuse assault conviction. Nor did the report offer recommendations relating to his domestic violence issues. Setting the PSI aside, the prosecutor emphasized at sentencing that Keahna had the chance to participate in the IDAP while on probation for his first offense but failed to do so. More significantly, Keahna endangered the victim by violating a no-contact order.

We discern no abuse of discretion in the sentencing decision. The record shows the court considered appropriate factors in imposing the sentence, including Keahna's age, prior convictions, substance-abuse and mental-health history, available treatment options, and the nature of the offense. *See* Iowa Code

§ 907.5(1). Given Keahna's prior assault conviction and his failure to engage in the IDAP, the imposition of a prison sentence was reasonable. By requiring Keahna to participate in the thirty-six-week program while in prison, the sentence promoted both Keahna's rehabilitation and the community's protection. *See* Iowa Code § 901.5. Because the district court properly exercised its discretion, we will not disturb the prison sentence.

**AFFIRMED.**