# IN THE COURT OF APPEALS OF IOWA

No. 22-1064
Filed February 22, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DEBRA LYNN ECCLESTON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wayne County, Dustria A. Relph, Judge.

A defendant appeals her prison sentence for forgery. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**TABOR, Presiding Judge.**

"$56,000 in a town the size of Promise City is a big deal." That's what the district court told Debra Eccleston when sentencing her to prison for forgery. During her eight years as city clerk for a town of eighty-eight residents, Eccleston wrote unauthorized checks to herself and forged the mayor's signature. She pleaded guilty to first-degree theft and forgery. Then she asked for a deferred judgment. The court rejected that request, instead imposing an indeterminate five-year term for the forgery. The court suspended the ten-year term for theft. On appeal, Eccleston insists her sentence was too harsh. Because the court properly exercised its discretion, we will not disturb the sentence.

In her own words, as the city clerk, Eccleston "was responsible for all financial obligations and record-keeping" for Promise City. She maintained its checkbooks and bank statements. But she exploited that access for her own economic gain. It started small, paying her personal utility bill. But she admitted "the theft spiraled out of control" as time went on. She told the presentence investigator (PSI) that "the only way to stop stealing was to resign the position." And she did so in 2020. But she left it to the new city clerk to discover the discrepencies.

When the city found those discrepencies, it enlisted the state auditor's office to review its accounts. The missing funds totalled $56,549. On top of that, the auditor's bill was nearly $30,000. And the mayor revealed that Eccleston had forged her signature over seventy times.

After the audit, the State charged Eccleston with forgery, a class "D" felony in violation of Iowa Code section 715A.2(2)(a) (2012),[1] and theft in the first degree, a class "C" felony in violation of Iowa Code sections 714.1(1) and 714.2(1). Without an agreement with the State, she pleaded guilty to both charges. At sentencing, her counsel asked the court to grant a deferred judgment or to follow the PSI recommendation and place her on probation. Counsel emphasized that Eccleston had no criminal history and no alcohol or substance-abuse issues. But he did link her "poor decision to steal monies" from the city to her "depression and some other mental health conditions." In her allocution, Eccleston expressed regret for her actions and urged the court to "show leniency" in sentencing.

By contrast, the prosecution sought concurrent prison terms. The mayor gave a victim impact statement, saying that Eccleston's crimes had "caused a lack of trust in our town." The impact, according to the mayor, was significant: "We're going to have to delay many things for our city for a while. We need streets done. There are things that need to be done."

After hearing both sides, the court first recognized its range of options: "[A]nything from a deferred judgment to prison." The court next listed the key factors it weighed when performing its "uneviable job of trying to figure out what the most appropriate punishment is in this case."

> I've considered your age, that you are a fifty-four-year-old adult woman. I've considered your employment circumstances, your lack of prior criminal history, your family and home circumstances, your

---

[1] The trial information alleged Eccleston commited her offenses between January 2012 and July 2020. The relevant Code sections pertaining to her convictions for forgery and theft were amended during that time period. However, those amendments do not impact Eccleston's convictions. For simplicity, we cite to the 2012 Code.

need and potential for rehabilitation, whether the community needs protection from further offenses, the nature and circumstances of the offense, and the victim impact statement.

The court noted its decision was difficult because this was not a case "where you messed up a couple of times." Rather, the crimes spanned eight years. The court also underscored the outsized impact these financial crimes had on a town as small as Promise City. From there, the court found that granting probation would "unduly depreciate the seriousness of the multitude of offenses that have been committed here." Landing on a more lenient sentence than recommended by the State, the district court imposed the indeterminate five-year prison term for forgery. But the court suspended the indeterminate ten-year term for theft. The court also ordered Eccleston to pay restitution of $56,549 for the stolen funds, plus $29,963.65 for the state audit.

In this appeal, Eccleston argues that the prison sentence was "overly harsh." She reasons that because she committed financial and not violent crimes, the community would be better served by placing her on probation. She claims this would let her earn money and pay her restitution as soon as possible. She also suggests that the court abused its discretion because it did not consider her mental health when rejecting probation.

We review Eccleston's sentence for the correction of legal error. *See State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). To warrant reversal, the sentencing record must show an abuse of discretion or a procedural defect. *State v. Patten*, 981 N.W.2d 126, 130 (Iowa 2022). When the imposed sentence is within the statutory limits, we will set it aside only for an abuse of discretion. *State v.*

*Willbourn*, 974 N.W.2d 58, 65 (Iowa 2022). We find such an abuse when the sentencing court exercises its discretion on untenable grounds. *Id.*

Under this deferential standard, if the sentencing court relied on reasonable grounds to reach its decision, we will not "second guess" the result. *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). The question is not whether we as appellate judges think the sentence was too harsh but whether the sentence served the goals of rehabilitation and community protection and was anchored on a sound rationale. *Id.* No question, Eccleston's sentence met those goals and the court weighed the proper factors.

The sentencing court was not compelled to follow the PSI recommendation. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). And it had the leeway to place more weight on the duration of Eccleston's offenses and the effect they had on her community. "The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). As for Eccleston's mental health, we believe it *was* a consideration in the sentencing. After imposing a prison term, the court ordered: "While in custody Ms. Eccleston shall receive a mental health evaluation and follow any recommendations for treatment."

Because the district court acted within its discretion, we affirm Eccleston's prison sentence.

**AFFIRMED.**