# IN THE COURT OF APPEALS OF IOWA

No. 22-0553
Filed March 8, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MURPHY LEE RUTHERFORD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Washington County, Mark E. Kruse,

Judge.

A defendant appeals his conviction and sentence following a plea of guilty.

**AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Murphy Lee Rutherford appeals his conviction and sentence imposed following a plea of guilty. He claims his plea lacked a factual basis and that he did not enter into it knowingly. He also claims the court abused its discretion in sentencing. Because Rutherford did not move in arrest of judgment, we do not address his claim concerning his plea's factual basis. We determine the court did not abuse its discretion during sentencing. Accordingly, we affirm.

## I.     Background Facts & Proceedings

Rutherford was arrested for stealing two firearms. He claimed the victim consented to him removing the weapons from her home. But the victim informed law enforcement that she had not given him permission. A later search of a backpack he was carrying revealed additional items that belonged to the victim.

The State charged Rutherford with two counts of possession of a firearm by a felon and one count of second-degree theft. The trial information also alleged Rutherford was a habitual offender as to each count.

Rutherford entered a written plea of guilty to all three counts in September 2021, after reaching a plea agreement with the State. The terms of the plea agreement included the State not pursuing the habitual offender sentencing enhancements. Both sides agreed the sentences would run consecutively. Under the terms of the plea agreement, Rutherford had the ability to request suspended sentences. The court accepted the written plea agreement and a presentence investigation report (PSI) was ordered.

The sentencing hearing was held in February 2022. Rutherford, citing health problems, requested a suspended sentence and placement on probation.

The State, consistent with the PSI recommendation, argued for incarceration based on Rutherford's criminal history, failure on pretrial release, and the nature of the crimes.

The court imposed an indeterminate five years of incarceration on each count, to run consecutively, for a total of fifteen years in prison. The court noted, "I have specifically considered your age, the family circumstances—in that there are many—your job history, prior record—which is not insignificant—conduct on pretrial release, education history, job history, and so forth." The court concluded:

> The reasons for sentence, sir: I've taken into account your prior criminal record. I've taken into account your job history, which is poor to nonexistent.
> It appears you have two kids. You don't have—it appears you have limited contact with one of them. Now you're telling me here today you have several kids.
> You're not able to follow the rules of pretrial release, or, it doesn't appear, probation either. You're not going to go to absolutely no stability.
> Sir, you just seem to be kind of aimless at this point in your life. If you do have medical conditions that need to be dealt with, I think the prison system at this time would provide the best opportunity for you to get those taken care of.
> Those are the reasons for the sentence here today. I believe they should also run consecutive due to the—what I consider the serious nature of the offenses, harm to the community. Given the fact that you have been in trouble several times before, I think all those factors would indicate that consecutive is appropriate in this case.

Despite being informed in the written plea of the need to move in arrest of judgment to challenge his convictions, Rutherford never filed such a motion.

Rutherford now appeals. He claims the plea lacks a factual basis, specifically regarding his intent to permanently deprive the victim of the property. He also alleges the court abused its sentencing discretion by failing to give appropriate weight to his medical conditions.

## II.    Factual Basis for Plea

Rutherford challenges the factual basis for his plea.  He contends the plea does not establish he acted with the intent to permanently deprive the victim of the property.

We must first address whether Rutherford has good cause to challenge the plea itself.    Under Iowa Code section 814.6(1)(a)(3) (2021), a defendant challenging their conviction in which they pled guilty must establish good cause.  "'[G]ood cause' means a 'legally sufficient reason.'"  *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020).  Our supreme court has held that a defendant who fails to file a motion in arrest of judgment lacks good cause to appeal because the appellate court would be unable to provide relief.  *See State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021).

Rutherford relies on *State v. Wilbourn* to support his position that this court can consider his challenge to his guilty plea as he also challenges his sentence, citing that our supreme court held jurisdiction under section 814.6 is "an all-or-nothing proposition."  974 N.W.2d 58, 66 (Iowa 2022) ("An appellate court either has jurisdiction over a criminal appeal or it does not.").  "Once a defendant crosses the good-cause threshold as to one ground for appeal, the court has jurisdiction over the appeal."  *Id.*  But the challenges in *Wilbourn* were both to sentencing issues and Wilbourn did not challenge his guilty plea.  *Id.*  And we do not read *Wilbourn* so broadly as to hold that a defendant can challenge his guilty plea merely because he also challenges his sentence, thereby circumventing the holding of *Treptow*.  *See State v. Smith*, No. 21-1649, 2022 WL 17481353, at *1– 2 (Iowa Ct. App. Dec. 7. 2022) (reaching sentencing issue but declining to address

challenge to plea); *State v. Pearson*, No. 21-1549, 2022 WL 3066078, at *2 (Iowa Ct. App. Aug. 3, 2022) (same). We decline to address the claim concerning the guilty plea given the lack of a motion in arrest of judgment.[1]

## III. Challenge to Sentencing Court's Discretion

Despite not reaching Rutherford's challenge to his plea of guilty, we determine Rutherford has established good cause in relation to his sentence, which the State concedes. Our supreme court has been clear that a defendant has good cause to appeal when they challenge "a discretionary sentence that was neither mandatory nor agreed to as part of [their] plea bargain." *Damme*, 944 N.W.2d at 105. Rutherford alleges the district court improperly declined to suspend his sentence despite his severe health concerns and that the court improperly doubted the sincerity of Rutherford's claims of medical issues. He also suggests a lack of evidence indicating the prison system could adequately treat Rutherford's illnesses.

"We apply an abuse of discretion standard when the sentence challenged was within the statutory limits. We will find an abuse of discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable

---

[1] Rutherford also asks us to treat his notice of appeal as a petition for writ of certiorari. *See Pfister v. Iowa Dist. Ct.*, 688 N.W.2d 790, 794 (Iowa 2004) (explaining that a party may pursue a writ of certiorari when they claim the district court "exceeded its jurisdiction or otherwise has acted illegally"); *see also Crowell v. State Pub. Def.*, 845 N.W.2d 676, 683 (Iowa 2014) (allowing appellate courts to consider an appeal as though it was filed as a certiorari action). However, he cites no binding authority indicating this is an appropriate avenue when a party lacks good cause to appeal. *But see State v. Newman*, 970 N.W.2d 866, 874 (Iowa 2022) (McDermott, J., dissenting). We decline to treat his appeal as a writ of certiorari. *See Crowell*, 845 N.W.2d at 682 (explaining our discretionary power to review actions by writ of certiorari).

or unreasonable.'" *State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019) (citations omitted). A district court "should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, attending circumstances, defendant's age, character and propensities[,] and chances of his reform." *Id.* (citation omitted); *see also* Iowa Code § 907.5 (listing factors the court should weigh when considering a suspended sentence).

The district court did not abuse its discretion in imposing terms of incarceration. The court considered many relevant factors, including the severity of the offense, Rutherford's lengthy criminal history, and the fact that Rutherford's pretrial release was revoked. *See State v. Carlson*, No. 19-2113, 2021 WL 210702, at *2 n.2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases finding it is proper for the court to consider chances of success on probation, which may be indicated by prior experiences on probation, parole, and other forms of release). That Rutherford would have preferred a suspended sentence is insufficient to overcome the strong presumption of validity for the court's imposed sentence. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

The court also considered Rutherford's purported health issues as a factor, but found the other factors weighed in favor of a term of incarceration. Rutherford claims that the court improperly doubted the sincerity of his claims involving his health problems. But, contrary to this assertion, there was reason to question his claims. Rutherford described different ailments in his PSI than at the sentencing hearing. His evolving claims undermined both assertions, giving the court reason to doubt his honesty.

Rutherford also contends the court wrongly found the prison system would adequately care for his medical needs. He asserts there is no record evidence suggesting his needs would be met. But neither does the record provide any suggestion that he would not receive appropriate care in prison. Indeed, the Department of Corrections has a statutory obligation to provide appropriate care to inmates.[2] *See* Iowa Code § 904.102. We decline to speculate in advance of any demonstrable harm that the department will fail to comply with those requirements. And the district court had good reason to believe prison would provide better care than Rutherford would receive on probation—the record indicates he has remained jobless and homeless for some time, and was not adequately addressing his medical issues. Absent any evidence to the contrary, we determine a lack of abuse of discretion.

**AFFIRMED.**

---

[2] A failure to provide appropriate medical care can also violate an inmate's due process rights. *See Mercy Hosp. Med. Ctr. v. Cnty. Of Marion*, 590 N.W.2d 41, 42 (Iowa 1999).