# IN THE COURT OF APPEALS OF IOWA

No. 22-2105
Filed November 8, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOHN FRANK THOMASSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Clinton R. Boddicker, District Associate Judge.

A defendant appeals his sentences following his guilty pleas. **AFFIRMED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

John Thomasson resolved two criminal cases by pleading guilty to possession of methamphetamine with intent to deliver and absence from custody. An ensuing presentence investigation report (PSI) recommended Thomasson "be granted a suspended sentence with probation." At sentencing, the district court declined to follow the PSI recommendation. Instead, the court sentenced Thomasson to a ten-year prison term for the possession-with-intent-to-deliver charge and a 365-day term of incarceration for the absence from custody charge, with the two sentences to be served concurrently.

Thomasson appeals. He argues the district court abused its discretion by declining to follow the PSI sentencing recommendation for suspended sentences.[1] He reasons the district court should have found mitigating sentencing factors outweighed the aggravating. Specifically, he contends the mitigating factors that he "was not convicted of any violent crimes" and was "actively trying to obtain treatment for drug addiction" should have resulted in the suspended sentences recommended in the PSI.

We review sentencing challenges for correction of errors at law. *State v. Fetner*, 959 N.W.2d 129, 133 (Iowa 2021). Sentencing courts are afforded a great deal of latitude in exercising discretion in sentencing. *Id.* When, as here, the sentence imposed is within statutory limits, it "is cloaked with a strong presumption

---

[1] Thomasson has good cause to appeal to challenge his sentence. *See* Iowa Code § 814.6(1)(a)(3) (2022) (requiring a defendant who pleads guilty to any offense other than a class "A" felony to establish good cause to appeal); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (holding a defendant has good cause to appeal following a guilty plea when the defendant is challenging the sentence imposed).

in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A sentencing court abuses its discretion only when the discretion is exercised for reasons that are clearly untenable or to an extent clearly unreasonable. *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022).

District courts are not required to follow PSI recommendations—rather it is just one of the many factors the court considers when determining a sentence. *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). So the district court did not abuse its discretion by reaching a different sentencing determination than that recommended by the PSI. We understand Thomasson believes the court should have weighed the relevant sentencing factors differently, but it is not for this court to second guess the district court's weighing of permissible sentencing factors. *See Formaro*, 638 N.W.2d at 725 ("[O]ur task on appeal is not to second guess the decision made by the district court . . . ."). And, as Thomasson does not point to any impermissible sentencing factor considered by the district court, we conclude the district court did not abuse its discretion when imposing Thomasson's sentences.

**AFFIRMED.**