# IN THE COURT OF APPEALS OF IOWA

No. 23-0887
Filed July 24, 2024

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**LOBY LOKI LOVAN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

A defendant challenges his sentence for willful injury causing bodily injury.

**AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**TABOR, Presiding Judge.**

Loby Lovan pleaded guilty to willful injury causing bodily injury after engaging in a violent dispute over a cellphone. The district court imposed an indeterminate five-year prison term. Lovan appeals, arguing the court abused its discretion in ignoring his mental health and substance use. Observing no abuse of discretion, we affirm.

## I. Facts and Prior Proceedings

After buying a cellphone online in August 2022, Lovan and his friend, Kham Khoang, met the seller at the In and Out Market in Des Moines to pick it up. But when the seller couldn't unlock the phone, Lovan presumed it was stolen and demanded his money back. When she refused, Lovan pulled her hair, twice, and she "went down." Another man intervened, and things escalated fast. Lovan told the man to "mind your own business." From there, a fight ensued. Lovan and Khoang punched the man with brass knuckles and kicked him, leaving him with serious injuries, including fractured ribs.

The State charged Lovan—as a principal and as an aider and abettor—with willful injury causing serious injury, a class "C" felony, in violation of Iowa Code section 708.4(1) (2022), and assault with a dangerous weapon, a serious misdemeanor in violation of section 708.2(3). Lovan pleaded guilty to a lesser charge of willful injury causing bodily injury, a class "D" felony, in violation of section 708.4(2). In exchange, the State dismissed the serious misdemeanor.

In preparing the presentence investigation (PSI) report, examiners performed risk assessments of Lovan. He scored in the moderate category for the probability of future violence and the moderate-to-high category for his probability

of future victimization. By another measure, he scored in the moderate-to-high range for his probability to recidivate. The PSI report noted that Lovan, who was forty-three years old, had not obtained a high school degree and was unemployed. The PSI report's preparer observed that Lovan's "history of substance abuse and possible mental health issues" appeared "to be the root of his criminal behavior." The report specified that Lovan reported he was under the influence of drugs at the time of the offense. But the report recommended incarceration based on his lengthy criminal record, which included assaults and weapons offenses.

At the sentencing hearing, the court considered Lovan's criminal history, his age, minimal education, and the harm to the victim, among other factors. The court sentenced Lovan to a prison term not to exceed five years. Lovan appeals.[1]

## II. Analysis

Lovan asks for resentencing, alleging the district court did not consider relevant mitigating factors. We review Lovan's claim for an abuse of discretion. *See State v. Cooley*, 587 N.W.2d 752, 754 (Iowa 1998). We only reverse if the court makes its decision "on grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "A ground or reason is clearly untenable when based on an erroneous application of the law." *State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019). Sentencing courts must weigh the societal goals of rehabilitation and the protection of the community. Iowa Code § 901.5. They also must consider "the nature of the offense, the attending

---

[1] Lovan has good cause to appeal because he challenges his sentence, not his guilty plea. *See State v. Damme*, 944 N.W.2d 98, 104–05 (Iowa 2020) (interpreting Iowa Code section 814.6(1)(a)).

circumstances, the age, character and propensity of the offender, and the chances of reform." *Formaro*, 638 N.W.2d at 725.

At the sentencing hearing, Lovan requested a suspended sentence so that he could seek mental-health treatment. Defense counsel said:

> [T]he recommendation here would be that he gets a professional mental health evaluation and follow through with that. And it appears that that would be an appropriate sentence for him rather than just throwing him in prison for five years, giving him the opportunity to address those mental health needs, especially given that he's shown that with the substance abuse he can follow through on recommendations.

In his allocution, Lovan told the court: "I take full responsibility for what happened. I messed up."

The State recommended the court sentence Lovan to five years' incarceration "based on [his] criminal history, his risk assessment, evaluations from the Department of Corrections, and also just the severity of this offense." The State also explained that "the Department of Corrections does have mental health services available."

The court followed the State's recommendation. Lovan now argues the court overlooked his mental health and substance use when crafting his sentence. After a careful review of the record, we find no such occurrence. Rather, the court mulled the pertinent factors along with the relevant information presented. It reviewed the PSI report, considered the attorneys' recommendations, and Lovan's allocution. It also reflected that Lovan was unemployed and had only a tenth-grade education. The court stated:

> Apparently, there is some notion that [Lovan] suffers from severe mood swing[s] which might [be] attributable to mental illness, but there is no mental health evaluation for this court to review to

> make that determination. Although the [PSI] report seems to indicate that the defendant's drug use as well as potential or possible mental health issues underlie his ongoing criminal behavior.

But the court emphasized Lovan's criminal history, as well as the nature and circumstances of this assault. In reaching a sentence, the court said:

> [T]his is a very difficult decision for me, primarily difficult because you seem sincere in your desire to remain on this side of prison, but your history indicates that that's where you need to go. And it gives me great pause, when considering probation, that you have such a violent past, and the crime that you have been convicted for or of and accepted responsibility for, once again, is a crime of extreme violence.

While the court did not elaborate on Lovan's mental health and substance use, the court's focus elsewhere was not an abuse of discretion. "[A] sentencing court need only explain its reasons for selecting the sentence imposed and need not explain its reasons for rejecting a particular sentencing option." *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018) (citation omitted). The court explained why it selected Lovan's sentence. What's more, it considered the PSI report which addressed Lovan's mental health and substance use. "Iowa law requires the sentencing court to take into account all pertinent information in order to select the sentencing option that provides 'maximum opportunity for the rehabilitation of the defendant, and for the protection of the community.'" *State v. Boothby*, No. 19-0085, 2020 WL 564932, at *1 (Iowa Ct. App. Feb. 5, 2020) (citation omitted). The court did exactly that in sentencing Lovan to prison. Thus, we affirm Lovan's sentence.

**AFFIRMED.**