**IN THE COURT OF APPEALS OF IOWA**

No. 23-2109
Filed October 16, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DARRYN LYN DUGAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Union County, Dustria A. Relph, Judge.

Darryn Lyn Dugan appeals the sentence imposed after pleading guilty to stalking. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

Darryn Lyn Dugan appeals the sentence imposed by the district court after pleading guilty to stalking. He contends the district court abused its discretion when sentencing him by admitting unauthenticated evidence, failing to consider certain mitigating factors, failing to follow the recommendation made by the presentence investigation (PSI) report, and declining to suspend incarceration in favor of probation. Upon our review, we affirm.

## I.  *Background Facts and Proceedings.*

After Dugan and K.W. ended their romantic relationship, Dugan spent the next four months "purposefully engag[ing] in a course of conduct . . . that would cause a reasonable person to fear bodily injury." Notwithstanding two separate no-contact orders, Dugan continued to harass and threaten K.W. The State charged him with: count I, stalking in violation of a no-contact order; and counts II and III, first-degree harassment. As a result of plea negotiations, Dugan pled guilty to count I. The court accepted Dugan's guilty plea, ordered a PSI, and dismissed the remaining counts.

At the sentencing hearing, the State recommended incarceration, but Dugan requested a suspended sentence and probation instead. To support its recommendation, the State presented the testimonies of both the investigating law enforcement officer and K.W. It also offered one exhibit, a list of 687 contacts occurring between Dugan and K.W from October 15 to October 20, 2023. Dugan also spoke on his own behalf, venting about the issues from "this last year" and that his phone was stolen. This is consistent with what he stated during his PSI interview, in which he alleged that K.W. stole his phone and sent herself the

messages. The court sentenced Dugan to an indeterminate five-year term of incarceration. Dugan appeals, contending the district court abused its discretion in both its evidentiary ruling and sentencing.

## II. Evidentiary Ruling.

Dugan first contends that the court should not have admitted the State's exhibit at sentencing for lack of authentication. *See* Iowa R. Evid. 5.901 (requiring authentication to produce evidence). But these evidentiary rules do not apply to sentencing proceedings. *See* Iowa R. Evid. 1101(c)(4) (expressly excluding the Iowa Rules of Evidence from being applied during sentencing). Instead, the sentencing court must consider "all pertinent information." Iowa Code § 901.5 (2022). We find the State's exhibit fits such requirement. The exhibit itself is a list of hundreds of contacts between Dugan and K.W., occurring over just a five-day period. The State offered the exhibit to reflect the egregiousness of Dugan's conduct, and we find the sheer quantity and content shows exactly that. While K.W. responded from time to time, most of the contacts are attributed to Dugan. In his messages, Dugan threatened to kill K.W. and various loved ones; threatened to kill himself; pretended to be the Union County Sheriff's Office executing search warrants against her; pretended to be a couples counselor setting up an appointment for her and Dugan; threatened to contact police if she did not pay him specified sums of money or have sex with him; and otherwise barraged K.W. with back-to-back phone calls, voicemails, and text messages. We find the exhibit was relevant "to inform the circumstances and nature of the crime [Dugan] pled guilty to." *See State v. Orris*, No. 22-2014, 2023 WL 5604202, at *2

(Iowa Ct. App. Aug. 30, 2023).  We therefore can find no abuse of discretion in the court's decision to admit the evidence.

### III.  Alleged Abuse of Sentencing Discretion.

While Dugan concedes his sentence was lawful,[1] he nonetheless argues the sentencing court abused its discretion by failing to consider mitigating factors, failing to follow the PSI recommendation, and declining to suspend incarceration in favor of probation.  But the court "has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society."  *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022).  We review sentencing decisions for correction of errors at law and only reverse for "an abuse of discretion or some defect in the sentencing procedure."  *Damme*, 944 N.W.2d at 103.

Dugan first contends that the court failed to consider certain mitigating factors, such as his willingness to participate in mental-health and substance-use treatment, medical concerns, and acceptance of responsibility for his actions.  While the court "is [not] required to specifically acknowledge each claim of mitigation urged by a defendant," *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995), the court here did.  It *expressly* stated that it was considering Dugan's need for treatment, his willingness to plead guilty, and his "medical concerns" as part of its sentencing decision.  But it also noted Dugan's failure to seek treatment until just before sentencing and his history of not following through with treatment.

---

[1] Dugan fails to explain how the sentencing court's exercise of discretion to impose a lawful sentence was "clearly untenable or unreasonable."  *See State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020).  While our analysis could end there, *see* Iowa R. App. P. 6.903(2)(g)(3) (waiving issues inadequately argued on appeal), we continue to the arguments' merits.

As to Dugan's accountability for his actions, the court explained its reasoning for its sentencing decision, "I've also considered the fact that even though you did enter a guilty plea, it doesn't seem like you've taken much accountability for your acts, as even just today, you're seeming to argue that this was all something perpetrated by the victim of this case." While the court considered Dugan's proposed mitigating factors, it also weighed them against such factors as his age, his violent criminal history, and the need to protect the community. It further explained:

> I don't feel confident that you could be successful on probation. I also believe that granting probation in a case like this would unduly depreciate the seriousness of this offense, and ultimately I think that the correctional assistance that you would receive in confinement would be more beneficial to you because I know that you would participate.

There is no evidence that the court "relie[d] on impermissible factors" or otherwise abused its discretion. *West Vangen*, 975 N.W.2d at 355. We therefore find Dugan's argument without merit.

Dugan then argues the court should have adopted the PSI recommendations. There are two problems with this argument. First, the sentencing court is not required to adopt the PSI recommendations. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). Second, we find the court actually *did* adopt the PSI recommendations, which stated: "Based on this information [contained in the PSI] and the defendant's history of assaultive and violent offenses, it is this agent's opinion that the court could be justified in imposing a 5 year prison term." It also provided additional recommendations for probation terms

in the event the court disagreed and suspended incarceration. But upon our own reading, we do not find the PSI as "favorable" to Dugan as he claims on appeal.

Finally, Dugan claims the court abused its discretion by declining to suspend incarceration in favor of probation. But we have already determined the sentence was lawful and the court did not consider any improper factors in exercising its discretion, which "will not always lead to the same sentence. Yet this does not mean the choice of one particular sentencing option over another constitutes error." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). Accordingly, we affirm Dugan's sentence.

### IV. *Disposition.*

Because the court did not abuse its discretion by admitting evidence or imposing incarceration, we affirm Dugan's sentence.

**AFFIRMED.**