**STATE of Iowa, Appellee,**

v.

**Wyatt Thomas TAYLOR, Appellant.**

No. 94–118.

Court of Appeals of Iowa.

June 27, 1995.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds Lapointe, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Diann Wilder–Tomlinson, County Attorney, and Paul G. Crawford, Assistant County Attorney, for appellee.

Heard by SACKETT, P.J., and HABHAB and HUITINK, JJ.

HUITINK, Judge.

On August 8, 1993, R.G. was confronted on a Marshalltown street by a man later identified as Wyatt Taylor, who invited her to his nearby apartment to "party and have a good time." When R.G. declined, she was forced into the apartment. While there, she was repeatedly beaten until she submitted to mul-

tiple acts of sexual intercourse with her assailant. As a result, R.G. suffered multiple bruises and lacerations to her face, neck, and eye. The injuries to her neck occurred when she was grabbed by the throat while resisting her assailant's attempts to force oral sex. Her physician described her neck injury as a "suicide hanging injury" caused by application of moderate force to her neck.

R.G. was able to leave the apartment when her assailant told her he was "done with her." She walked across the alley to the county jail and reported her experience to the deputy working at the jail. She told the police that she knew where she was assaulted but did not know her assailant. She described the man she encountered as a black man and the person who attacked her inside the apartment as white. Before leaving for the hospital, she was able to show officers the rear of the apartment building where she was assaulted.

The rear of the apartment building included the doors to apartments seven and eight. R.G. directed the officers to apartment seven. Upon further investigation, officers found nothing indicating apartment seven or its occupant, an Asian male, were involved in the assault.

The officers continued to investigate and observed blood droplets near the door of apartment eight. No one responded when police knocked on the door and announced their presence. Detectives were summoned, and a search warrant was obtained for apartment eight.

The officers entered apartment eight with the assistance of the building owner. Taylor was found inside the apartment and taken away for questioning. The police found blood smeared and splattered throughout the apartment on furniture and clothing belonging to Taylor. Bloodstains on the inside of a pair of pants containing Taylor's work identification were matched to R.G.'s blood type. Additional blood samples found in the apartment also matched R.G.'s blood type.

Taylor was charged with first-degree kidnapping. The district court found him guilty of the lesser-included offense of sexual abuse in the second degree and sentenced him to an indeterminate term not to exceed twenty-five years.

On appeal Taylor contends the identification evidence was not sufficient to connect him to this offense. He also claims the evidence failed to establish R.G.'s assailant threatened to use or used "force creating a substantial risk of death or serious injury."

Our standard of review is well established. A verdict will be upheld where there is substantial evidence to support the charge. *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence means such evidence as would convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984). We consider all the evidence at trial, not just the evidence that supports the verdict. *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980).

■ We initially consider the sufficiency of the evidence identifying Taylor as R.G.'s assailant. Although R.G.'s testimony regarding the identity of her assailant was inconsistent, there is ample circumstantial evidence from which the district court could conclude Taylor was the man who sexually abused R.G. This evidence includes the location of the assault in Taylor's apartment as well as blood and semen evidence identifying Taylor as the assailant and R.G. as his victim. We find sufficient evidence supports the district court's finding that Taylor was the person who sexually abused R.G.

Taylor correctly asserts the State must prove he "threatened or used force creating a substantial risk of death or serious injury" to convict him of second-degree sexual abuse. Iowa Code §§ 709.1 and 709.3 (1993). The parties agree there is no evidence of a threat and the dispositive consideration is therefore limited to our analysis of the evidence regarding substantial risk of death or serious injury.

■ The State is not required to prove R.G. suffered a serious injury. *See State v.*

*Howard,* 284 N.W.2d 201 (Iowa 1979); *compare* Iowa Code § 709.3 with § 709.2 (1993). We accordingly make no determination whether the injuries she sustained fall within the definition of serious injury found in Iowa Code section 702.18 (1993).

A serious injury is defined as a disabling mental illness or bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ. Iowa Code § 702.18 (1993). Substantial risk of death means more than any risk of death but does not mean that death is likely. *State v. Phams,* 342 N.W.2d 792, 796 (Iowa 1983) (citations omitted). Risk of death for purposes of establishing serious injury is a "real hazard or danger of death." *Id.* (citations omitted). Although substantial risk of serious injury has yet to be defined as specifically as substantial risk of death, we find the "real hazard or danger" consideration logically applicable to a substantial risk of serious injury analysis.

■ In this case R.G. was brutally beaten until she submitted to intercourse with Taylor. The degree of violence and resulting injury justify the trial court's finding that Taylor used force creating a substantial risk of serious injury.

Contrary to the parties' assertions, our conclusion in this case is not without precedent. In *Howard,* 284 N.W.2d at 202–03, a remarkably similar case, our supreme court stated:

> Evidence of the victim's lacerations, sprains, and bruises justified trial court's finding that defendant used force which created a substantial risk of serious injury.

*Id.*

■ The State may not necessarily be required to prove serious injury to show an intent to inflict serious injury; but if there is not serious injury to the victim, then there must be evidence from which a fact finder can determine beyond a reasonable doubt that the defendant both intended the serious injury and had the ability to inflict it.

The judgment of the district court is accordingly affirmed.

**AFFIRMED.**