# IN THE COURT OF APPEALS OF IOWA

No. 24-1406
Filed September 4, 2025

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**R.D. NICOLAISEN,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Dallas County, Thomas P. Murphy, Judge.

 R.D. Nicolaisen appeals his convictions and sentences for willful injury and domestic abuse assault. **AFFIRMED.**

 Karmen Anderson, Des Moines, for appellant.

 Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.

 Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

R.D. Nicolaisen appeals his convictions and sentences for willful injury causing bodily injury and domestic abuse assault second offense after assaulting his parents. He challenges the sufficiency of the evidence supporting his conviction for willful injury, contending the State failed to prove beyond a reasonable doubt that he intended to cause serious injury. He also argues the trial court abused its discretion by denying probation and sentencing him to prison. Because substantial evidence supports the jury's verdict and the district court acted within its sentencing discretion, we affirm.

## I.       Background Facts and Proceedings

In early 2024, Nicolaisen was living with his parents in their home. On March 9, 2024, he drank alcoholic beverages at a friend's house. Eventually, Nicolaisen called his mother to come pick him up. When they got home, Nicolaisen laid on the kitchen floor while his mother made dinner. Per her testimony, he was "out of his mind drunk." Eventually, Nicolaisen got up from the floor and went to the bathroom. When he exited the bathroom, without apparent provocation, he threw a flashlight against the wall.

Nicolaisen then followed his mother into her bedroom where she had gone to eat dinner, and he again laid on the floor. At some point Nicolaisen started "grabbing at stuff," causing his mother to call his father into the room for help. Once the situation was calm, Nicolaisen's father left the bedroom to go back to the living room. Then, Nicolaisen got up from the floor and began punching his mother in the head with closed fists, causing a cut to her forehead. That cut to her forehead resulted in scarring.

Nicolaisen then left the bedroom and began to fight his father, punching him in the face. His father wrestled him to the ground, and his mother attempted to restrain Nicolaisen. Despite these efforts, Nicolaisen continued to attack his parents by punching them with closed fists. Eventually, Nicolaisen left the house, and his parents called 911.

Dallas County Sheriff's deputies responded to the home. Upon arrival, they found Nicolaisen's father with a bloodied face and his mother with a cut on her forehead, scrapes on her head, and "lumps" on the back of her head. Deputies then found Nicolaisen at the neighbor's house and arrested him.

Nicolaisen was charged with willful injury causing serious injury in violation of Iowa Code section 708.4(1) (2024) and domestic abuse assault causing bodily injury in violation of Iowa Code section 708.2A(3)(a). At trial Nicolaisen testified in his own defense. He described grabbing a metal cup his mother was drinking from, intending to throw the drink in her face, but the cup slipped from his hand and struck her. Further, he admitted to having an altercation with his father.

The jury found Nicolaisen guilty of the lesser-included offense of willful injury causing bodily injury and the charged offense of domestic abuse assault. The district court imposed sentences of incarceration not to exceed five years for willful injury causing bodily injury and not to exceed two years for domestic abuse assault causing bodily injury, second offense. Nicolaisen now appeals.

## II.     Sufficiency of the Evidence

Nicolaisen challenges the sufficiency of the evidence supporting his conviction for willful injury causing bodily injury.[1]  Iowa Code § 708.4(2).  We review sufficiency-of-the-evidence claims for correction of errors at law.  *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022).  "In conducting that review, we are highly deferential to the jury's verdict," viewing the evidence in the light most favorable to the State and upholding the verdict if supported by substantial evidence.  *Id.*  "Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt."  *Id.*

To convict Nicolaisen of willful injury causing bodily injury, the State had to prove the following beyond a reasonable doubt:

> 1.  On or about March 9, 2024, RD Nicolaisen struck [his mother].
> 2.  RD Nicolaisen specifically intended to cause a serious injury . . . to [his mother].
> 3.  RD Nicolaisen's acts caused a serious injury or bodily injury . . . to [his mother].

The court instructed the jury that "serious injury" means "a disabling mental illness; a condition which cripples, incapacitates, weakens or destroys a person's normal mental functions; or bodily injury which creates a substantial risk of death, or which causes serious permanent disfigurement or extended loss or impairment of the

---

[1] Within his sufficiency of the evidence challenge Nicolaisen attempts to raise a prosecutorial misconduct claim.  Nicolaisen never objected or moved for a mistrial below, failing to preserve error on the issue. *See State v. Krogmann*, 804 N.W.2d 518, 526 (Iowa 2011) ("[The defendant] cannot obtain a new trial based on prosecutorial misconduct when he failed to move for a mistrial at the time."); *State v. Farnsworth*, No. 13-0401, 2014 WL 2884732, at *3 (Iowa Ct. App. June 25, 2014) ("By not objecting or otherwise alleging prosecutorial misconduct at the time of trial, [the defendant] failed to preserve error.").  Because the issue was not preserved below, we do not address the claim here.

function of any bodily part or organ." It also instructed the jury that it may "conclude a person intends the natural results of his acts."

Nicolaisen alleges insufficient evidence supports the jury's finding that he acted with intent to cause serious injury. Specifically, he claims there is insufficient evidence he possessed the intent to inflict serious injury because no serious injury resulted. But the State is not required to prove a victim suffered serious injury to prove the defendant had the intent to inflict serious injury. *State v. Taylor*, 538 N.W.2d 314, 316 (Iowa Ct. App.1995) (requiring proof the defendant intended serious injury and had the ability to inflict it).

The State offered evidence showing that Nicolaisen punched his mother several times in the head, causing a cut to her forehead, scratches, and lumps to the back of her head. The jury heard that EMTs advised Nicolaisen's mother that her cut needed stitches. The jury also saw photos of the bleeding cut. From the number of her injuries, the jury could conclude Nicolaisen intended to inflict serious injury.

Nicolaisen testified in his own defense, claiming he grabbed a metal cup his mother was drinking from, intending to throw the drink in her face. He urged that he injured his mother when the cup slipped from his hand and struck her. But the jury was free to reject his version of events. *See State v. Jones*, 967 N.W.2d 336, 343 (Iowa 2021) (holding a jury is "not required to accept the defendant's version of the events" (citation omitted)). It is not our role on appeal "to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005) (citation omitted). Instead, we view the "evidence in the light most

favorable to the State, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.* at 27 (citation omitted).

Viewing the evidence in the light most favorable to the verdict, we find substantial evidence in the record that could convince a rational trier of fact beyond a reasonable doubt that Nicolaisen acted with intent to inflict a serious injury. *See Jones*, 967 N.W.2d at 339.

### III.    Sentencing

Finally, Nicolaisen challenges the district court's rejection of his request for probation and imposition of concurrent prison sentences. We review the sentencing order in a criminal case for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). We will not reverse the decision of the district court absent "an abuse of discretion or some defect in the sentencing procedure." *Id.* (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018).

When sentencing a criminal defendant, a court "should weigh and consider all pertinent matters . . . , including the nature of the offense, the attending circumstances, defendant's age, character and propensities, and chances of his reform." *State v. Headley*, 926 N.W.2d 545, 550 (Iowa 2019) (cleaned up).

Upon our review, we find no abuse of discretion by the district court. The record reflects that the district court "considered all pertinent matters and addressed both protection of the community and rehabilitation." *See State v.*

*Peterson*, No. 24-0194, 2025 WL 271623, at *3 (Iowa Ct. App. Jan. 23, 2025). Specifically, the district court considered the "protection of the community from further offenses" and provided "the sentence that gives [Nicolaisen] the maximum opportunity to be rehabilitated." Additionally, the district court gave the necessary weight to Nicolaisen's age, prior criminal history, and family circumstances.

Nicolaisen argues the district court should have adopted the presentence investigation report's (PSI) recommendations and sentenced him to a suspended sentence with probation. There are two problems with this argument. First, the district court is not required to adopt the PSI recommendations. *See Headley*, 926 N.W.2d at 552. Second, the district court carefully considered all the sentencing factors when determining Nicolaisen's sentence. We already found the district court did not consider any improper factors in exercising its discretion, and there is no error just because the district court imposed a sentence Nicolaisen disagrees with. *See Formaro*, 638 N.W.2d at 725.

Because we find no evidence that the court relied on impermissible factors or otherwise abused its discretion, we find Nicolaisen's argument without merit. *State v. West Vangen*, 975 N.W.2d 344, 355–56 (Iowa 2022).

## IV.    Disposition

Because we find substantial evidence supports the jury's verdict and the district court acted within its discretion in fashioning Nicolaisen's sentences, we affirm.

**AFFIRMED.**